Plaintiff alleges in her petition that her automobile was damaged in the amount of *Page 100 
$214.90 when it was struck by a car driven by the minor son of the defendant around 7 o'clock P.M. on August 9, 1944. She alleges that her car was being driven in a northerly direction by J.F. Land at a slow rate of speed on the east side of the West Fork Gravel Road, when her car was struck by a car being backed out of the driveway at the Carver residence by Floyd Carver, Jr. The negligence charged to young Carver is that he backed out of the private driveway onto a much traveled highway at an excessive speed and in a careless manner, and without keeping a proper lookout.
Defendant filed an exception of vagueness asking for more detailed allegations as to the items of damage to plaintiff's car; whether or not it was in running order after the accident; whether or not the driver of plaintiff's car was in the employ of plaintiff, and whether or not there was anything to obstruct the view of the driver of plaintiff's car as he approached the driveway. The trial judge maintained the exception to the extent of requiring plaintiff to give more detailed information as to the nature of the damage to the car, and overruled the exception in all other respects. Plaintiff then filed a supplemental petition annexing an itemized statement of the repairs made on the automobile. Defendant filed an answer to which he coupled an exception of no right or cause of action. He admitted that Floyd Carver, Jr., is his minor son, and admits that there was a collision between a car driven by his son and a car which plaintiff claimed to own. He denied that he owned the car driven by his son and denied that he was present when the accident occurred. He averred that the accident was caused by the fast rate of speed at which the driver of plaintiff's car was going, and his failure to keep a proper lookout, and the fact that he was driving too close to the east side of the road.
The trial judge referred the exceptions of no cause or right of action to the merits, and after a trial of the case overruled the exceptions and rendered judgment in favor of the plaintiff for the amount sued for. The defendant has appealed.
[1-3] Counsel for appellant re-urges the exceptions in this court. It is contended that the defendant was entitled to the information requested in the exception of vagueness. A plaintiff is only required to set out in his petition the facts on which his cause of action is based in a clear and concise form, so as to give the defendant sufficient information to enable him to make his defense. The information requested in the exception of vagueness was more a matter of evidence than pleading. A plaintiff is not required to detail in his petition the evidence which he expects to advance in support of his demand. The defendant has not been prejudiced because of a failure to allege the details requested in the exception of vagueness.
[4, 5] The exception of no cause or right of action is based on the ground that there is no allegation that defendant's minor son was a reckless or incompetent driver, or that he was on a mission for his father; that the proof showed negligence on the part of the driver of plaintiff's car. These contentions are clearly without merit. In order to render the father liable for the negligent acts of his minor son it is not necessary to prove that the minor is a reckless or incompetent driver or that he was on a mission for his father. Whether or not the minor was guilty of negligence which caused the accident and damage is a question of fact to be determined on the merits.
The trial judge found that the accident was caused by the negligence of young Carver in backing out of the driveway at his father's home and striking the right front part of the plaintiff's car without looking to see if traffic on the highway was in such a condition as to permit him to back out from a private driveway, and without giving any warning whatever. Young Carver admits that he did not look to see if any traffic was coming from the south. He backed his car out of the gate into the highway and into the lane of traffic of plaintiff's car traveling in a northerly direction. Plaintiff's car was struck on its right front wheel and fender. While the evidence is not clear as to just where the impact occurred, it is clear that the driver of plaintiff's car was on his right side of the road going north.
The driver of the plaintiff's car testified that he was going about 25 miles per hour and did not see the Carver car until it was coming out of the driveway and was about 20 feet from his car; that he pulled to his left, but the other car continued backing out and struck the car he was driving on the right front fender.
[6, 7] An effort was made by the defendant to show that the driver of plaintiff's *Page 101 
car could have seen the Carver car backing out of the driveway for a distance of some 200 yards, and that the driver could have taken steps to avoid the collision had he been keeping a proper lookout. The decided preponderance of the evidence is to the effect that the driver of plaintiff's car was not driving at an excessive speed. He was not going over 25 or 30 miles per hour, and even conceding that he was going somewhat faster than that, his speed was not excessive on a public highway. There was a fence along the border of the yard south of the driveway and two or three trees and some bushes which probably obstructed the view of a motorist approaching from the south at least to some extent. However, there was no reason for a motorist coming from that direction to slow down for the driveway as he would have no reason to assume that a car would back out into his lane of traffic without giving some warning. Conceding that the driver of plaintiff's car could have seen the Carver boy backing out of the driveway for a greater distance than he did see him, the driver had a right to assume that the car would not be backed out in front of him while traveling in his lane of traffic on a highway. It is the duty of a person backing out of a private driveway into a public highway to exercise great care, and ascertain if any traffic is approaching from either direction.
[8] The Carver boy was guilty of negligence according to his own testimony. He says he did not see the other car coming, yet he says there was nothing to obstruct the view of the driver of plaintiff's car for quite a distance coming from the south, and if that is true, there was nothing to have kept him from seeing the car coming up the highway had he looked as he was required to do. He says it is nine feet from the gate to the highway, and there is no reason why he should have backed his car out into the highway right in front of an oncoming car.
[9, 10] A father is liable for the acts of a minor son residing with him. Civil Code, Art. 2318. This liability is based on the acts of the minor which constitute fault or negligence. Savoie v. Walker, La. App., 183 So. 530. It is not necessary to show that the minor son was on a mission for his parent, as the liability is not based on the relationship of master and servant. And it makes no difference whether or not the father owns the automobile which his minor son was operating negligently, nor was it necessary for the father to be present when the negligent act was committed.
[11] Defendant contends that the damages claimed are not shown to have been caused by the accident. Plaintiff produced the garage man who repaired the car after the collision and he testified that all of the items charged on the repair account were made necessary by reason of the accident. We see no reason to disagree with the trial judge on his findings as to the amount of damages.
For the reasons assigned, the judgment is affirmed at the cost of defendant in both courts.