ELLIS, Judge.
The automobile accident giving rise to this litigation occurred on January 20, 1963, shortly after noon, on East Mason Street in Baton Rouge. The plaintiff was proceeding west on East Mason Street and the defendant was backing her automobile out of a private driveway across the east-bound lane of traffic and into the plaintiff’s lane. Plaintiff instituted the action to recover damages for bodily injury and property damage. The trial court dismissed plaintiff’s suit without written reasons.
We are convinced that the defendant, Mrs. Gaynell G. Ortego, was negligent in backing her automobile into the street without maintaining a proper lookout. There were no obstructions east of the Ortego driveway to prevent her from observing the approach of the plaintiff. There is no evidence to indicate that the plaintiff was traveling at an unsafe speed. It is obvious that had the defendant looked to her right she would have seen the plaintiff’s automobile approaching. Defendant was prevented from looking to her rear because of a fogged rear window. The plaintiff testified that he was traveling approximately 25 miles per hour and that he saw the defendant as she started backing out. He further testified that he applied his brakes, blew his horn and that his automobile began skidding on the wet pavement. Mr. Parsons got over to his right as far as he could go and, at the time of the collision, Mrs. Ortego was still moving backwards and had reached a point inside the west-bound lane.
 Backing from a private driveway into a public street is an extremely hazardous operation, requiring considerable caution and imposing a heavy duty on the person undertaking" such a maneuver to ascertain that the way is clear. It is obvious in this case that the defendant did not discharge that duty of care and, accordingly, must be held negligent for failing to keep a proper lookout while undertaking the dangerous maneuver. Josey v. Granite State Fire Ins. Co., La.App., 122 So.2d 303; Honeycutt v. Carver, La.App., 25 So.2d 99.
Contributory negligence being an affirmative defense, the burden of proof in that regard rests on the defendant. In our opinion, the defendant has failed to discharge this burden. Mrs. Ortego testified that she was stopped at the time the accident occurred and had shifted to a forward gear preparatory to proceeding west along East Mason Street. She testified that her car was entirely in the west-bound lane except for about one foot of the front left fender.
East Mason Street at this point is approximately 18 feet wide with a 3 foot shoulder. The defendant contends that the accident could have been avoided had the plaintiff had sufficient time to enter the eastbound (passing) lane and thus go around the Ortego automobile. However, this is mere speculation and inasmuch as Mrs. Ortega admitted that her automobile was still partially in that lane we cannot find from the evidence in the record that the plaintiff was contributorily negligent.
The plaintiff is entitled to recover property damage in the amount of $147.35, representing the amount actually paid by the plaintiff to Custom Paint & Body Shop for automobile repairs.
We are not convinced that the plaintiff suffered any bodily injury and, accordingly, no damages are recoverable under that item. The plaintiff testified as to the pain and difficulty he had as a result of the accident but it is clear that he did not receive any medical attention until approximately two and one-half months after the accident. His excuse is his inability to pay for same. However, he paid for his automobile repairs which he evidently considered more necessary than repairs to himself. On April 3, 1963, plaintiff received his first medical attention by going to see Dr. Moody. This was the same date that plaintiff’s attorney wrote Dr. Moody advising him of their representation and asking for a medical report in narrative style. Therefore, plaintiff did not actually see a doctor until the day he employed an attorney.
Plaintiff further testified that Dr. Moody, subsequent to this time, ordered him to bed *732 for about three weeks. The evidence discloses, however, that prior to this time plaintiff had not missed any work and that he was employed by Holsum Bakeries as a machine foreman, a job requiring considerable lifting.
In addition, no demand was made on the defendant for a period of at least four months following the accident.
If, indeed, the plaintiff did suffer during this period, it was due primarily to his own failure to secure medical attention. Dr. Moody testified that the type of work plaintiff did made it difficult to treat the condition.
In spite of the fact that plaintiff found it necessary to remain in bed for three weeks following the visit to Dr. Moody of April 3, 1963, plaintiff did not find it necessary to revisit Dr. Moody until September 16, 1963. According to Dr. Moody, the September visit was for back pains of other origin.
Subsequent visits to Dr. Moody were for other miscellaneous ailments unconnected with the accident.
Accordingly, the opinion of the trial court is reversed and judgment is rendered herein in favor of the plaintiff in the amount of $147.35 with legal interest and costs.
Reversed.