STOULIG, Judge.
This is an appeal from an interlocutory decree awarding custody of Melissa Marie Martin and Craig Paul Martin, Jr., to the maternal grandparents, Mr. and Mrs. Michael Pscenieka, who are seeking to adopt them. Appellees’ daughter Cynthia Martin, mother of the children, has given her consent; however, their father, Craig Martin, Sr., opposes the adoption of his children. Mr. and Mrs. Pscenieka contend the consent of the father is unnecessary because his failure to comply with a support order of *392 the Juvenile Court for the Parish of Jefferson constituted a waiver of his right to oppose an application for adoption by the grandparents under R.S. 9:422.1. The statute provides:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other' legitimate parent has refused or failed to comply with a court order of support for a period of one year $ * #
The record reflects that appellant did fail to comply with the juvenile court’s order for support payments for a period in excess of one year before appellees filed this application for adoption. On May 9, 1975 appellant was ordered to pay $40 per week to the Pscenickas for the support of his two children. Between this date and September 19,1975 appellant paid a total of $252.30 in four payments, the last of which was $28.50.[1] The petition for adoption was filed on September 24, 1976.
In defense of his failure, the father asserted obstacles were placed in his way when he attempted to support and/or visit his children. The record does not bear this out. Both Craig, Jr., and Melissa have lived with their maternal grandparents most of their lives. After neglect charges were brought against the parents, the Pscenickas were awarded temporary custody by the juvenile court and by the civil section of the 24th Judicial District Court[2] in domestic litigation between the parents.
The juvenile court ordered that the right of visitation with the children could not be exercised by either parent unless the visit' was supervised by either the maternal or the paternal grandparents or at least one of them. By testimony of all four grandparents it is clear that appellees have liberally made the children available to the paternal grandparents and that appellant has had unlimited access to visitation with his children provided he saw them in the company of his own parents as required by the court’s order. The father testified he did not support the children because the maternal grandparents have a greater right to their company than he does. This circumstance does not relieve him of his obligation to comply with the support order of the juvenile court.
Appellant argues the grandparents seeking adoption had an obligation to demand that he comply with the judgment during the year of noncompliance. We find no merit in this position. If Craig Martin, Sr., had valid complaints, he should have used orderly judicial process to have them heard rather than resorting to economic coercive tactics. See In re LaFitte, 247 La. 856, 174 So.2d 804 (1965) and Matter of Adoption of McArthur, 333 So.2d 372 (La.App. 4th Cir. 1976).
While there may be instances where the parent may justify noncompliance and defeat the automatic consent effect of R.S. 9:422.1, the case before us is not one of such instances. See Bailey v. Bailey, 335 So.2d 694 (La.App. 2d Cir. 1976). As we view it the defense urged is an afterthought by which appellant sought to justify his noncompliance after he lost his right to protest.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Appellant was initially ordered to pay child support of $20 every two weeks commencing on November 28, 1973. As of March 22, 1976 the delinquent child support amounted to $1,697.20.

. Consent judgment of custody in favor of ap-pellees dated October 4, 1974 in the matter of Martin v. Martin, No. 160-267 of the 24th Judicial District Court, Division “E”, Parish of Jefferson.