373 So.2d 1331 (1979)
STATE of Louisiana
v.
Bernard Gwilym JONES, Applying for Adoption.
No. 10363.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1979.
Rehearing Denied September 10, 1979.
*1332 Charles F. Barbera, Metairie, for plaintiff-appellee.
Jacob Kansas and Carey R. Varnado, New Orleans, for respondent-appellant.
Before SAMUEL, LEMMON and GARRISON, JJ.
SAMUEL, Judge.
This is an appeal from a judgment of adoption granted the husband of the child's legitimate mother over the protest of the legitimate father.
The child's mother was divorced from its father on October 31, 1972. On April 7, 1978, petitioner, the present husband of the mother, filed a petition for a "step-parent adoption" pursuant to R.S. 9:422.1 and based on failure "to support the child for a period of more than one year after Judgment awarding custody to the mother." A curator ad hoc was appointed to represent the natural father, he was contacted through a classified newspaper advertisement, and responsive pleadings were filed in his behalf.
After a trial on the merits, judgment was rendered in favor of the stepparent, granting his petition for adoption. The legitimate father has appealed.
In this court appellant contends: (1) The petition for adoption did not state a cause of action under R.S. 9:422.1; (2) he did not fail to pay child support for one year in violation of a court order; and (3) if he did violate a court order in failing to pay child support, his non-payment was legally justified.
The pertinent statute, R.S. 9:422.1, provides:
"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents." LSA-R.S. 9:422.1.
Regarding the first contention, appellant argues the trial court committed error in allowing testimony, despite objection thereto, concerning any court order condemning him to pay child support because the petition only alleges non-support by him for more than one year after an award of custody to the mother, and does not allege non-support in defiance of a court order.
Even assuming the correctness of this technical argument, we see no point in agreeing with it. An exception of no cause *1333 of action is a peremptory exception,[1] and Article 934 of the Code of Civil Procedure specifically provides a judgment sustaining a peremptory exception shall allow amendment if the grounds for the objection may be removed by amending the petition. Here, amendment would be proper. Should we now maintain this appellant argument, we would be obliged to remand the case to the juvenile court for amendment, and after amendment the same facts would be litigated a second time. All of the facts necessary to decide this case were introduced into evidence and form part of the record on appeal. Moreover, the record in the trial court and the thoroughness of his brief indicate appellant was well aware of the issues before the trial court and on appeal. Pleadings need only set forth enough facts to afford the defending party sufficient information to prepare his defense, and no technical form of pleading is required.[2] The ultimate alleged facts were: (1) Petitioner's wife was granted permanent custody of the child; and (2) the natural father forfeited his parental rights by not fulfilling his past child support obligations. It would be futile to maintain this appellate argument, remand for amendment to the pleadings and relitigate the same facts.
Nor do we agree with appellant's second contention, that he did not violate a court order of support. Relative to that contention, he argues the divorce decree did not contain an order condemning respondent to pay child support and that the only possible order of child support was one rendered by the Juvenile Court for the Parish of Orleans on June 13, 1975 under R.S. 14:74, which makes neglect of family a criminal offense. Under that statute neglect is a misdemeanor[3] which prescribes in two years under Article 572 of the Louisiana Code of Criminal Procedure. Thus, according to appellant, the two year prescriptive period expired on June 13, 1977, and he was not in violation of a child support order after that date.
By appellant's own admission his argument presupposes that the court order mentioned in R.S. 9:422.1(2) must be in effect for the year immediately prior to the filing of the petition for adoption by the stepparent.
This is a much too strained interpretation of R.S. 9:422.1(2). A simple reading of that section of the statute shows the legitimate parent forfeits his right to oppose an adoption when, without just cause, he has failed or refused to comply with a court order of support for a period of one year. The statute does not state that one year period must be the year immediately prior to the adoption proceeding and neither of the cases cited by the appellant, In re Pscenicka,[4] or In re Genin,[5] makes such a holding.
While we are aware of the Louisiana jurisprudence to the effect that the adoption laws are in derogation of the rights of natural parents and therefore must be strictly construed,[6] we conclude the statute is satisfied and consent is unnecessary when a natural parent, without lawful cause, fails to make the payments required by a court support order for a period of one year, which one year period need not be immediately prior to the filing of the petition.
In this case appellant concedes he was under an effective court order from June, 1975 to at least June, 1977 during which time he failed to make any payments under that order. In the absence of lawful cause justifying that failure to pay, this lapse of compliance with his obligation under *1334 the order is sufficient to meet the requirements of R.S. 9:422.1(2) and his consent to the adoption is not necessary.
The case of In re Coile[7] appears to be directly in point. In that case the natural father failed to make court ordered child support payments for one entire year but began making those payments when he learned the petition for adoption was going to be filed. He also offered to pay all past due installments. The Coile court rejected this attempt to circumvent the statute, stating, at page 327:
"Once he failed to make the payments for one year his consent was no longer essential to the adoption of his daughter by her stepfather under the terms of R.S. 9:422.1."
Finally, appellant argues that even if he was under a valid court order to support his minor child he is legally excused from making such payments because of his incarceration and his mental and emotional health during the one year period preceding the filing of the petition for adoption. We note the statements above made regarding the relevance of the one year period immediately preceding adoption apply likewise to the inability of a parent to make support payments.
Appellant became addicted to heroin in 1968, but discontinued use of the drug after contracting hepatitis. In early 1970 he obtained employment at Folger's Coffee Company, where he worked for two or three years. He resumed the use of heroin, and again contracted hepatitis in 1971. After leaving the hospital, he did not resume living with his wife and child.
Following his release from the hospital in January, 1971, he visited his child approximately three times a month. These visitations lasted four to five months until he left employment with Folger's to seek employment in New York. He performed roofing work in New York, but returned to New Orleans when winter weather terminated the availability of that employment. Since January, 1972 he has not had a regular job, but worked for a night club in Orlando, Florida in 1975, and then returned to New Orleans where he worked in night clubs on Bourbon Street until March, 1976. In addition, he worked in July and August, 1976 as a deck hand at a wage of $135 per week. After this job terminated he again worked in night clubs.
Appellant was arrested in 1972 for possession of marijuana with intent to distribute and was placed on two years active probation. In August, 1975 he was convicted of possession of marijuana. Sentence was suspended upon condition he enter a local drug rehabilitation program on five years active probation. He stayed in the program approximately three months before going to work in Orlando, Florida in night clubs as mentioned above. Appellant again was arrested in March, 1976 on a fugitive warrant because of his unauthorized departure from the drug rehabilitation program and he was incarcerated until June, 1976. For approximately one year from that time he attended a program for drug users and alcoholics. In October, 1977 he was arrested for the burglary of a pharmacy, and was sentenced to the state penitentiary in January, 1978. He has been incarcerated since that time.
While the law is clear that if failure to pay child support is caused by circumstances beyond the control of the legitimate parent, the requirement of consent to the adoption is not removed,[8] here we do not conclude such circumstances were beyond his control. Appellant's arguments to the effect that failure to pay in this case was beyond his control is not persuasive and not supported by the cases on which he relies.
In Adoption of Rapp,[9] the natural father was never free of imprisonment for at least a twelve month period while under a court *1335 order of support. Here, appellant had more than a year in which he was free of imprisonment or undergoing rehabilitative treatment in which to meet his obligations under the court order. He failed to do so. In Steed v. McKenzie,[10] the level of the father's incapacity from mental illness approached almost total disability. The Steed court pointed out his depression was so severe he could not work, attend school, or function as a normal person. The various activities participated in by respondent in the present case show he was not so debilitated. Likewise, in In re Adoption of Fouts,[11] the father had faithfully complied with his support obligations prior to his disability and the court reasoned that because his failure to contribute to the support of his child only began after his total disability commenced, that disability was a reason beyond his control.
In the present case, there is no substantial question as to the nature and extent of appellant's illness nor of the connection between the illness and his total failure to provide support. He was not under disability during the entire time of the court order of 1975, yet he did not make child support payments. Moreover, the activities engaged in by appellant show he was able to function both mentally and emotionally and that he was able to hold a job if he desired to do so. Under these circumstances, his drug addiction and involuntary incarceration from January, 1978 until the filing of the petition do not serve as a legal excuse for the non-support of his child.[12]
Appellant argues that while he did not graphically describe to the trial court the physical or emotional depth to which he sank during his heroin addiction, but merely related the facts of his hospitalizations for hepatitis, his arrest for drug possession and burglary, and his inability to hold a job, nevertheless the evidence taken as a whole is sufficient for us to find he was legally excused from any obligation to pay child support. We disagree with that argument.
The record taken as a whole clearly supports the trial court's finding of fact that appellant was not legally excused from his obligation to furnish child support, and we hold the trial court properly granted the adoption.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Code of Civil Procedure Article 927.
[2] Sollie v. Means, La.App., 58 So.2d 286; Honeycutt v. Carver, La.App., 25 So.2d 99.
[3] R.S. 14:2(4) defines a felony as any crime punishable by death or hard labor, and R.S. 14:2(6) defines a misdemeanor as any crime which is not a felony.
[4] La.App., 353 So.2d 391.
[5] La.App., 240 So.2d 46.
[6] See, for example, Roy v. Speer, 249 La. 1034, 192 So.2d 554, and In re Ackenhausen, 244 La. 730, 154 So.2d 380.
[7] La.App., 343 So.2d 325.
[8] See In re Lafitte, 247 La. 856, 174 So.2d 804; In re Ackenhausen, supra, note 6; Adoption of Rapp, La.App., 348 So.2d 107; Steed v. McKenzie, La.App., 344 So.2d 689; In re Hughes, La.App., 176 So.2d 158.
[9] Supra, note 8.
[10] Supra, note 8.
[11] La.App., 254 So.2d 649.
[12] See Edwards v. Deming, La.App., 350 So.2d 920.