424 So.2d 520 (1982)
Elsworth C. STEVENSON, Jr.
v.
Roosevelt JENKINS, Sr.
No. 5-232.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Olden C. Toups, Jr., New Orleans, for defendant-appellant.
David Pick, Greenberg & Dallam, Gretna, for plaintiff-appellee.
Before CHEHARDY, KLIEBERT and CURRAULT, JJ.
CURRAULT, Judge.
This case arises out of the petition for adoption filed by Elsworth C. Stevenson, Jr., applying for the adoption of his minor stepson Roosevelt Jenkins, Jr. This matter was tried before Judge Sol Gothard, Division "A", the Juvenile Court for the Parish of Jefferson, wherein the adoption was granted pursuant to LSA-R.S. 9:422.1(1) and (3). The adoption was granted over the protest of the legitimate father defendant, Roosevelt Jenkins, Sr. The defendant has appealed.
The child's mother was divorced from his father on February 15, 1979. On May 20, 1981, petitioner, the present husband of the mother, filed a petition for adoption pursuant to LSA-R.S. 9:422.1[1], more particularly, *521 parts (1) and (3). At the time the petition was filed, Roosevelt Jenkins, Sr. was incarcerated in the Elaine Hunt Correctional Center. In fact, the defendant was continuously incarcerated from August of 1980 until and including the date of the hearing on October 2, 1981.
After a trial on the merits, judgment was rendered in favor of the petitioner stepparent, granting his petition for adoption. The legitimate father has appealed.
Appellant makes the following assignment of errors: that
(1) The Juvenile Court erred in its determination that the defendant has refused or failed to comply with a court order of support for a period of one year; that
(2) The Juvenile Court erred in its determination that the defendant has refused or failed to visit, communicate or attempt to communicate with the child without just cause for a period of two years; and that
(3) The Juvenile Court erred in refusing to grant a continuance due to the unavailability of a crucial defense witness.
Regarding the first contention, that the trial court erred in its determination defendant refused or failed to comply with a court order of support for one year, appellant argues that no court order of support was ever made part of the record. It is appellant's position that none was in effect.
The Juvenile Court, however, correctly took judicial cognizance of an earlier Juvenile Court order commanding the defendant to pay child support in the full sum of $20 a week. The record showed defendant made three payments pursuant to this order: July 29, 1976; September 1, 1976; and September 15, 1976. The support order was subsequently amended in September of 1977, making the State of Louisiana the recipient of payments inasmuch as the mother was on welfare. Once the State was made the payee, the defendant made one payment on August 8, 1978. This was the final payment.
Judge Gothard correctly concluded that no payments had been made by defendant since August, 1978, thus satisfying LSA-R.S. 9:422.1(1). We find no error in these factual conclusions.
Appellant further argues that even if an order of support is found, the appellant's failure to support is based on reasons beyond his control. Appellant cites Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir. 1977), wherein it was held that a father's incarceration is a just cause for his failure to comply with a court order of support. While this is a proper statement of law, it is not applicable in the instant case.
The record is clear that the last payment in accordance with the court order of support was made on August 8, 1978. The record is additionally clear that appellant was not incarcerated until August of 1980. This leaves a nonsupport period of two years prior to his incarceration. Appellant's argument that his failure to pay was beyond his control is not persuasive.
Appellant additionally argues that the period of nonsupport must immediately precede the filing of the petition and that his incarceration during that period provides him with lawful justification for failure to support. LSA-R.S. 9:422.1(1) simply states that there need only be a failure or refusal to comply with a court order of support for a period of one year. The statute does not state that the one-year period must be the year immediately prior to the adoption proceedings. In State v. Jones, 373 So.2d 1331 (La.App. 4th Cir.1979), the court held that the statute is satisfied when such legitimate parent fails or refused to comply with a court order of support for a period of one year without lawful cause and that the year *522 need not immediately precede the filing of petition for adoption. Appellant's argument is meritless.
Appellant's remaining arguments are centered around the court's determination that appellant refused or failed to visit, communicate or attempt to communicate with his child and the court's refusal to grant a continuance based on the absence of a defense witness who would testify to visits made by the appellant. The statute in question, however, requires that only one of its provisions be met in order to grant the adoption. The statute does not require that in addition to failure to comply with an order of support, a protracted period of neglect by the legitimate parent should also be a prerequisite. This interpretation would defeat the intent of the legislature in enacting the statute. In Re Jones, 337 So.2d 283 (La.App. 2d Cir.1976).
The juvenile court judge found the appellant had failed to comply with a court order of support for a period of one year complying with LSA-R.S. 422.1(1). He also found the adoption would be in the best interest of the child citing petitioner as a good man who has been truly rearing the child and providing the child with a good example for the three years prior to trial. Under LSA-R.S. 9:422.1(1), these findings are sufficient to grant the petition and such findings are amply supported by the evidence.
For the above stated reasons, the judgment of the Juvenile Court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:422.1 reads as follows:

"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child then the consent of the other legitimate parent is not necessary when the spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.
(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child, without just cause, for a period of two years."