427 So.2d 1334 (1983)
In re MDA Applying for Adoption.
No. 15210-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
*1335 Joseph A. Cusimano, Jr., Ltd., P.C. by Harold W. Aswell, Farmerville, for appellee.
Rabun & Post by Armand F. Rabun, Farmerville, for appellant.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
JASPER E. JONES, Judge.
This is an adoption proceeding. The petitioner is the stepfather of the minor child. The adoption was objected to and opposed by the biological father of the minor child. The biological father appeals a judgment ordering the adoption. We affirm.
In order to preserve the confidentiality of these proceedings we shall refer to persons involved in the following manner: the biological father  appellant; the stepfather  petitioner; the mother of the child  M; and the child  C.

The Issues
The appellant makes seven assignments of error.[1] These assignments raise four issues:
1) has appellant failed to pay court ordered child support for one year;
2) was there just cause for any such failure;
3) may confidential reports prepared by the DHHR be considered; and
4) is this adoption in the best interest of the child.

The Facts
Appellant and M were married in August, 1976. C, a boy, was born on April 4, 1977.
On February 23, 1979, M obtained a judgment of separation. That judgment granted custody of C to M and ordered appellant to pay child support in the amount of $150.00 per month. On July 18, 1979, M obtained a divorce from appellant by a judgment of the Chancery Court of Union County, Arkansas.[2] The divorce judgment also awarded custody to M but made no mention of child support.
M married the petitioner on September 7, 1979. Since that time C has resided in the family home with M and the petitioner.
Appellant neither paid nor attempted to pay any child support until April, 1980. In April, 1980, appellant attempted to make a child support payment of $50 which was rejected by M.
On December 4, 1980, petitioner brought this action to adopt C alleging that appellant's consent was unnecessary because of his failure to pay child support for over one year. Petitioner subsequently filed an amending petition alleging appellant's consent was unnecessary because of his failure to visit or communicate with C. Appellant answered and opposed the adoption.
After the case was tried the trial judge rendered judgment in petitioner's favor ordering *1336 the adoption and this appeal followed.

Issue # 1
LSA-R.S. 9:422.1(1) allows a stepparent to adopt without consent of non-custodial parent where: 1) his spouse has been granted custody of the child by a court of competent jurisdiction; and 2) the non-custodial parent has failed to comply with a court order of support for a period of one year.
To these statutory requirements the jurisprudence has added the additional requirements: 1) that the failure to pay child support must have been without just cause, In Re BAS, 424 So.2d 405 (La.App.2d Cir. 1982), and 2) that the adoption must be in the best interest of the child, Adoption of Latiolais, 384 So.2d 377 (La.1980).
Our inquiry here is whether the second statutory requirement, failure to comply with a court order of child support for a period of one year, is present in this case. Appellant contends that this requirement is not present because his attempted payment of $50 in April, 1980, occurred less than one year before this action was commenced.
Appellant attempted to make the payment by having his sister deliver his check for $50 to M at her place of employment. M refused the check. Appellant attempted no other payments of child support from the date of the separation judgment,[3] February 23, 1979, until after this proceeding was filed on December 4, 1980.[4]
The one year period of non-support need not immediately precede the filing of the petition for adoption. Stevenson v. Jenkins, 424 So.2d 520 (La.App. 5th Cir. 1982); State v. Jones, 373 So.2d 1331 (La. App. 4th Cir.1979).
The non-custodial parent cannot defeat the application of R.S. 9:422.1(1) by making a token payment of child support. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963).
Appellant made no support payments for thirteen months following the separation judgment which ordered him to pay child support. Thus, the second requirement of R.S. 9:422.1 is met. Stevenson v. Jenkins; State v. Jones.
Further, appellant's single attempted payment of $50, towards a child support obligation of $150 per month, in the year preceding the filing of this action is a mere token payment and does not defeat the application of R.S. 9:422.1(1). In re Ackenhausen.
The trial judge properly concluded that appellant had failed to comply with a court order of child support for a period of a year.

Issue # 2
The issue posed here is: was there just cause for appellant's failure to pay court ordered child support.
Appellant bears the burden of showing just cause for his failure to pay child support. Berry v. Berryhill, 330 So.2d 405 (La.App.3d Cir.1976). Appellant argues that M's rejection of the attempted payment in April, 1980, provided just cause for his failure to pay child support.
According to the testimony of appellant's sister, who took the check to M's place of employment, M rejected the check and stated that she did not want any of appellant's money. This version is contradicted by the testimony of M.
M testified that she did not examine the check and did not know whose it was. She further testified that she told appellant's sister that she (M) did not want any of her (sister's) money.
*1337 M's testimony provides substantial evidence in support of the trial judge's conclusion that she did not relieve appellant of his obligation to pay child support. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Appellant has not met his burden of showing just cause for his failure to pay child support.

Issue # 3
In determining whether the proposed adoption was in the best interest of the child the trial judge considered the evidence adduced at trial and the information contained in a confidential report prepared by the DHHR. Appellant argues that the report is based on hearsay and other inadmissible evidence and, therefore, was entitled to no weight and should not have been considered by the district judge.
The confidential reports prepared by the DHHR are admissible evidence in an adoption proceeding. Hargrave v. Gaspard, 419 So.2d 918 (La.1982).
If such evidence is admissible it should be accorded some weight. However, because of the nature of the information upon which such reports are based and because they deprive the trial court of the opportunity to personally see, hear and evaluate the credibility of the persons who give the information upon which the reports are based, such reports should be given substantially less weight than the sworn testimony of live witnesses at trial.
The trial judge was entitled to consider the confidential report and to give it some weight.

Issue # 4
The most important consideration in any adoption proceeding is whether the adoption is in the best interest of the child. Adoption of Latiolais. The trial judge's finding as to the best interest of the child is entitled to great weight. In re Hinton, 390 So.2d 972 (La.App.2d Cir.1980).
The stark facts of this case show that the adoption is in the best interest of the child. The child has lived with petitioner since September, 1979, and petitioner has enough care for and interest in C to bring these proceedings in an effort to assume full parental duties and obligations. In sad contrast to the attitude of care and concern illustrated by petitioner's actions is the attitude of total disinterest in C revealed by appellant's failure to support, communicate with or see his child.[5]
The aforementioned factors, which were shown at trial, show the accuracy of the trial judge's finding that the adoption was in the best interest of the child. A consideration of the DHHR report, which we have concluded is entitled to some weight, only makes the wisdom of the trial judge's finding more clear. We agree that the adoption was in C's best interest.
For the foregoing reasons the judgment is AFFIRMED at appellant's costs.
NOTES
[1] Appellant contends the trial judge erred in:

1) concluding he had not made a good faith attempt to pay child support within one year before the petition was filed;
2) concluding he had not been thwarted in his attempt to pay child support;
3) concluding his failure to pay child support was due to his refusal and neglect;
4) concluding the attempt to pay child support occurred after the petition was filed;
5) concluding that because the statutory requirements for adoption were met the adoption was in the best interest of the child;
6) giving weight to the confidential report of the Department of Health and Human Resources; and
7) concluding the adoption was in the best interest of the child without any legal basis.
[2] This appeal presents no issue as to the validity of the Arkansas divorce.
[3] The order of child support in the separation judgment remained in effect even after the divorce judgment which did not mention child support. Lewis v. Lewis, 404 So.2d 1230 (La. 1981).
[4] After this proceeding was filed appellant attempted to make several payments by mail. M refused to accept the letters containing these payments. Such payments, tendered after the proceedings were commenced, do not defeat the application of R.S. 9:422.1(1). Bailey v. Bailey, 335 So.2d 694 (La.App.2d Cir.1976); In re Salmon, 318 So.2d 897 (La.App.2d Cir.1975).
[5] Under the facts of this case it appears that appellant's consent could be dispensed with under the authority of R.S. 9:422.1(3) as well.