469 So.2d 454 (1985)
In re ADOPTION OF Christopher Lee BROUSSARD.
No. 84-416.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*455 Harold L. Savoie, Lafayette, for plaintiff-appellant.
Michael L. Thibodeaux, Scott, for defendant-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Ronald Hollier seeks to adopt his minor stepson, Christopher Lee Broussard, who was born during his wife's prior marriage to the natural father, Darrell Broussard. The principal issue is whether the imprisonment of the natural father is sufficient justification for failure to support and communicate with his minor child, thereby precluding application of LSA-R.S. 9:422.1 which permits adoption without his consent. The trial court found R.S. 9:422.1 was applicable and that adoption was in the best interest of the child, therefore, the court granted the adoption over the opposition of the natural father. The father appeals contending his incarceration prevented him from visiting or communicating with his son. We affirm, finding no abuse of the trial court's discretion.
Denise Brown and Darrell Broussard were married on August 24, 1974. Their son, Christopher, was born on August 1, 1975. The couple physically separated in August 1976, legally separated in October 1977, and divorced in May 1979. Denise Brown was granted custody of Christopher. She married Ronald Hollier on June 3, 1979; they have lived together with Christopher as a family since then, and have a happy and stable marriage.
*456 Darrell Broussard has been incarcerated in prison since May 1980 and is serving a sentence at Angola until 1997 on charges of armed robbery and attempted first-degree murder. He last visited with his son in 1979 on one occasion. Ronald Hollier has a good father-son relationship with Christopher, and provides financially for his wife and stepson. Christopher addresses Ronald Hollier as "Daddy" and uses the Hollier surname. Denise Brown consents to the adoption of Christopher and the name change.
Adoption is in derogation of the natural rights of a legitimate parent to his or her child, and of the child to his or her parent. Therefore, adoption statutes must be strictly construed in favor of the actual parent and against the adoption. Wyatt v. Department of Public Welfare, 442 So.2d 1369 (La.App. 3rd Cir.1983); Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir. 1979).
LSA-R.S. 9:422.1 is controlling in cases involving adoptions by stepparents, and sets forth the conditions for dispensing with parental consent. It provides in pertinent part:
"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary when the spouse of the petitioner, or the grandparent or grandparents, or the mother or the father has been granted custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
* * * * * *

(2) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years."
In addition to the statutory conditions, the jurisprudence also requires: (1) that the failure to pay child support must have been without just cause, In Re MDA, 427 So.2d 1334 (La.App. 2nd Cir.1983); and (2) that the adoption must be in the best interest of the child, Adoption of Latiolais, 384 So.2d 377 (La.1980). Even if failure to support is proved, the court still must determine that the adoption, and thus the severance of the filial ties with the natural parent, is in the best interest of the child. In Re May, 441 So.2d 500 (La.App. 2nd Cir.1983). It is not sufficient to simply examine the love and home environment provided by the adopting parent; it is also necessary to determine the closeness of the child's ties with the non-custodial parent and the effect this loss would have on the child. In Re May, supra; In Re Glass, Applying for Adoption, 424 So.2d 383 (La. App. 2nd Cir.1982).
Incarceration for a criminal offense does not necessarily constitute just cause for failure to support. In Re May, supra; In Re Brannon, 340 So.2d 654 (La. App. 2nd Cir.1976). Support in the context of R.S. 9:422.1, which the parent must provide in order for his consent to adopt to be necessary, is termed as "significant" support. While each case must be viewed in light of its particular circumstances, significant support has been defined as being something only in the range of twenty to thirty percent of the alimentary obligation. In Re May, supra.
The most important consideration in any adoption proceeding is whether the adoption is in the best interest of the child. Adoption of Latiolais, supra. The trial judge's finding as to the best interest of the child is entitled to great weight. In Re MDA, supra. We will not disturb his findings in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
In the instant case, the trial court stated in its reasons for judgment:

"Defendant [Darrell Broussard] admitted that the last time he visited with his son Chris was in 1979, but he maintained he inquired about him on the average of once a week to his family members and requested that they arrange *457 a visit between he and Chris at Angola where he is incarcerated. He further claims that he tried to speak to Chris by telephoning Denise Brown Hollier several times in 1980; twice in 1983 and once in 1984 but was unsuccessful. Additionally, he testified that he wrote and mailed letters to Chris; two (2) in 1980, one at Christmas in 1982 and a Christmas card in December, 1983. The letters in 1980 were mailed to the home of Mrs. Paul Brown, mother of Denise Brown Hollier, the letter of 1982 was mailed to the parents of the defendant, and the letter of 1983 was mailed to the home of petitioner [Ronald Hollier]. He also testified that he sent Chris a belt buckle and a bike as gifts.

The family members of defendant all testified that they have visited defendant regularly at Angola since his incarceration and that he has constantly inquired about the well-being of Chris and asked that they arrange visits. They all generally testified that Mrs. Hollier has prevented any visits or communication between Chris and defendant. Mrs. Denise Brown Hollier denies the claims that defendant has attempted to communicate with their son and given him gifts. Mrs. Paul Brown has also denied that any requests for visits or messages have been made by defendant or his family members for visits or gifts or communications with the said child. Mrs. Hollier explained the gift of the bike and clothes as being given by defendant's family members without ever mentioning that it came from defendant. I accept the the [sic] testimonies of Mrs. Hollier and Mrs. Brown as being correct. I do not accept the testimonies of defendant or his witnesses. They all tried to make defendant appear as a loving, caring parent but his actions indicate he was not.

Defendant never supported his child, not even when he was gainfully employed prior to his arrest and incarceration. He never had any meaningful relationship with his son, who regards plaintiff [Ronald Hollier] as his father. The plaintiff and Mrs. Hollier never refused communication between defendant and their son although she would not have allowed him to visit defendant at prison because of its detrimental effect. The defendant chose not to maintain any meaningful relationship with his son. He had the address of plaintiff or could have easily obtained it and yet he failed to communicate. He does not contend that plaintiff is not a good provider to his son, but he refuses to consent to the adoption, when it is obviously in the child's best interest.

The testimony is uncontradicted that plaintiff loves the child and has established a good father-son relationship. Futher [sic] the child loves plaintiff and considers him his father and has used his surname since he was three and one-half (3½) years old. Finally, the marriage of plaintiff and Denise Brown is happy and stable.
In view of the above, I find that defendant has failed to visit, communicate or attempt to communicate with his child, Christopher Lee Broussard, without just cause, for a period in excess of two (2) years and that it is in the best interest of the said child that plaintiff be allowed to adopt him." (Emphasis added.)
Darrell Broussard contends that his incarceration constitutes just cause for his failure to visit or communicate with his son. Broussard's failure to visit Christopher is understandable because of his incarceration; however, his failure to communicate with Christopher is chargeable to him. Broussard has been incarcerated since May 1980. He and Denise Brown physically separated in August 1976, when Christopher was only ten months old. From the time of the physical separation until his incarceration, a period of almost four years, Broussard seldom visited his son and contributed nothing to the child's support. A father in Broussard's situation *458 who had a real concern for his child would recognize that, in order to maintain a relationship under these circumstances, an extra effort is necessary. See In Re May, supra.
Although the record clearly reflects Darrell Broussard's failure to support and communicate with his son, we must consider whether adoption is in the best interest of the child. It is undisputed that Ronald Hollier loves Christopher, provides well for him, and has a healthy father-son relationship with him. Christopher considers Ronald Hollier his father and has used the Hollier surname since he was 3½ years of age. On the other hand, Christopher has no meaningful relationship or close ties with his natural father. We cannot say that the severance of filial ties with Darrell Broussard would have a detrimental effect or a great impact on Christopher. Under these circumstances, we find no manifest error in the trial court's conclusion that adoption is in the child's best interest. We further find Darrell Broussard failed to communicate with his son for two years, without jsut cause; therefore, R.S. 9:422.1 is applicable and his consent is not necessary for the adoption.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.