[-WOODARD, Judge.
This writ will determine the application of La.Ch.Code art. 1245 to a situation involving a natural father, who objects to his minor child’s stepfather’s attempt to adopt his child. In the instant case, S.W.F., the natural father, failed to pay court-ordered child support from October 2000 until May 2001. Accordingly, the trial court found that it did not need his consent to proceed with the adoption. Consequently, he filed this application for writs. We agree with the trial court and deny his application.
$ % * i{c
In a judgment of divorce, signed on September 19, 1994, the - lower court ordered S.W.F. to pay $375.00 per month, in child support, for his minor daughter, H.G.F.
D.M.W., H.G.F.’s stepfather and the respondent in this matter, filed his first petition for intrafamily adoption, on June 14, 2000, alleging that since November 1998, S.W.F. had failed to pay the court-ordered child support. In turn, S.W.F. deposited $1,500.00 the court’s registry, in satisfaction of the support which he owed from June through September 2000. Subsequently, the trial court denied D.M.W.’s petition for adoption, noting that “the applicable time period for dispensing with parental consent to the adoption in this litigation had not been met when the petition was filed.” Afterwards, S.W.F. submitted no “payments ... for October, November, or December of 2000, no payments made for January, February or March of 2001[.]” He maintained that, on June 26, 2001, he mailed a check for $750.00, which C.L.W., H.G.F’s natural mother, did not receive until July 16, 2001, three days before the step-father filed his second petition for intrafamily adoption.
On October 17, 2001, the lower court heard the matter to determine whether the parties needed S.W.F.’s consent for the adoption to proceed or whether La.Ch. Code art. 1245 obviated consent because of S.W.F.’s failure to comply with a court order of child support, without just cause, for at least six months. It concluded that S.W.F. had refused or failed to comply *1074 with the court order of support; therefore, it did not require his consent before proceeding to the best interest of the child issue. S.W.F. seeks supervisory writs from this decision.
Is*****
Ordinarily, statutory guidelines dictate that, both, the mother and father of a child shall consent to the child’s adoption or relinquishment of his or her parental rights, provided that the child is legitimate or the father is presumed to be the father.[1] However, La.Ch.Code art. 1245 creates an exception to the consent requirement. It provides that:
A. The consent of the parent as required by Article 1193 may be dispensed with upon proof of the required elements of either Paragraph B or C of this Article.
B. When a petitioner authorized by Article 1243 has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exists:
(1) The parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.
[[Image here]]
C. When the spouse of a stepparent petitioner has been granted sole or joint custody of the child by a court of competent jurisdiction or is otherwise exercising lawful custody of the child and any one of the following conditions exists:
(1) The other parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.
(Emphasis added.)
However, when a parent has just cause for his failure to comply with the court order, the consent of both parents is required.[2]
In the case at bar, S.W.F. does not maintain that the trial court committed manifest error in its determination that he failed to comply with the support order, without just cause, for a period exceeding six months. Rather, he contends that the | atrial court erred, as a matter of law, by failing to limit its review of the relevant facts to the six months immediately preceding the filing of the adoption petition.
We begin our analysis by noting that La.Ch.Code art. 1245, simply, states that a parent’s failure or refusal to comply with a court order of support for a period of, at least, six months forfeits that parent’s consent to an adoption. (Emphasis added.) The article does not state or imply that the six month period must be the six months immediately before the filing of the adoption petition. We must assume that the legislature thought about the consequences of its stricture and said what it meant to say. Accordingly, had it wished to constrict the time limitation to, only, that immediately proceeding the filing, it could and would have done so within the confines of its article.
Nevertheless, S.W.F. argues that we must consider whether his payments, which he tendered three days before the adoption petition’s filing, were significant enough to defeat La.Ch.Code art. 1245’s effects. In Haynes v. Mangham,[3] the Louisiana Supreme Court addressed this *1075 issue. Although this ruling was before the article was amended to diminish the time period of non-support from one year to six months, the underlying policy consideration for this type of situation and the guiding legal principle would apply to the instant case. The court reasoned:
The language “refused or failed to comply with a court order of support for a period of one year” can be interpreted in a number of ways: It can be interpreted on the one extreme so rigorously as to apply even to the parent who pays each month for twelve consecutive months prior to suit, but in each case for an arrearage, so that for the full twelve months he had never been in full compliance with the court order, and on the other extreme so leniently as to permit any payment however small, within twelve months prior to the filing of the petition for adoption and irrespective of the amount of accumulated arrearages, to suffice to prevent application of the statute. Neither of these extremes is acceptable.
Required as we are to achieve a result in this litigation by interpreting and applying the statute, we find that a common sense interpretation is the following: If a parent under court order to support a child has not made a significant support payment within a year pri- or to filing of the petition for adoption, that parent loses the right to prevent the adoption by withholding consent.
LThis language seems to suggest that the court intends to look at the time period immediately preceding the filing. However, it, also, considers the percentage that the payment is of the yearly obligation, as well as of the arrearage. Moreover, the court’s leniency appears to contemplate that the parent has paid some support during the time period in question. Technicality aside, that is not the situation in the case at bar. Furthermore, in Haynes, unlike in the instant case, there was no history of non-compliance, rather, a single lapse.
In Haynes, the supreme court acknowledges, and does not overrule, another Louisiana Supreme Court case, In re Acken-hausen, [4] which is more closely aligned with the instant case than is Haynes. In Ackenhausen, the court held that “one $50 payment within a year of suit on a $1440 annual support obligation could not prevent the child’s adoption under R.S. 9:422.1.” R.S. 9:422.1 is the precursor to La.Ch.Code art. 1245. Further, the Haynes court noted that:
There (in Ackenhausen) we stated that despite the jurisprudential rule that laws providing for adoption should be strictly construed, R.S. 9:422.1 should not be so narrowly interpreted that any payment within the year could prevent adoption:
‘In construing the statute here under consideration which dispenses with consent in adoption proceedings under certain conditions ... we do not propose to give the statute such a strict interpretation as to make it ineffective and inoperative. To hold that under the statute there must be a complete refusal or failure to pay any sum whatever for one year before consent would be dispensed with would be to disregard completely the obligation which a parent has to provide support and maintenance for his child. Such a holding would permit an unworthy parent, in complete disregard of his obligation to his child, to prevent an adoption which might be to the best interest of the child by making a token payment of a nominal sum once each year insufficient to provide for maintenance and support. Such a strict construction would lead *1076 to absurd consequences and make the statute meaningless and ineffective.”’[5]
And finally, the Ackenhausen court pronounced, “[iff a parent has arbitrarily and without just cause refused to pay any sum whatever, no problem is presented. Also, Ifiif the payments have been insignificant when compared with the amount ordered by the court to be paid and the parent cannot show that the failure to pay has been with just cause and therefore excusable, the order to support has not been complied with and consent is not required.” [6] (Emphasis added.)
In the case sub judice, on September 19, 1994, the trial court ordered S.W.F. to pay $875.00 per month to help support his child. However, he did not comply, and on June 14, 2000, the step-father, D.M.W., filed his first petition for intrafamily adoption, alleging that S.W.F. failed to submit any payment since November 1998. Notwithstanding, the trial court denied the petition, saying that the applicable time period for dispensing with parental consent had not been met when the petition was filed. On November 3, 2000, S.W.F. deposited $1,500.00 in the court’s registry to satisfy support, which he owed from June through September 2000. In his brief to this court, he admits that he paid nothing from October 2000 through May 2001, leaving his child with no support from him for approximately eight months. The mother received his check for $750.00 on July 16, 2001, three days before D.M.W. filed his second petition for adoption, at which time, S.W.F. was in arrears $10,125.00. On October 17, 2001, the trial court said, “this Court finds that Mr. Washburn (the step-father) has carried the burden with regard to 1245(B)(1)[.],” dispensing with the consent requirement..
Although, basically, S.W.F. acknowledges that he “can but won’t” pay his support obligation, he wants us to find that his having made a payment, three days before the step-father filed his second adoption petition, negated his previous eight month delinquency, rendering La.Ch. Code art. 1245’s effects impotent.
On the contrary, in In re LaFitte, the Louisiana Supreme Court expressed that “If it were possible to pay up an arrearage in the twelfth month of each year and thereby defeat each effort of the adoptive step-parent to adopt children he is attempting to be a father to, the intent of the legislature in adopting [La.Ch.Code art. 1245] would surely be defeated.”[7]
This language implies that the court will not endorse technicalities or reward attempts to manipulate the legal system. In the case at bar, while S.W.F. has not paid Lilis arrearage at the end of each six month period, we believe that the evidence, nevertheless, substantiates that he has a history of making a payment to manipulate the legal system by just “beating” the 1245 deadline with a payment. Obviously, he does so without concern for his child’s welfare or his parental responsibility, even though La.Civ.Code art. 227 prescribes that part of a parent’s responsibility to his or her child is to provide financial support.
Based on the particular facts of this case, LaFitte, and, especially, Ackenhau-sen, in which the supreme court did not permit a $50.00 payment, made within the year deadline, to obviate the deadline, we find that S.W.F.’s token payment, three days before the step-father filed his peti *1077 tion, does not count towards the “preceding six months” anticipated under article 1245. Thus, under the “significant payment” test, he paid zero percent of the annual obligation and of the arrearage. Accordingly, we affirm the trial court’s finding that his consent is not necessary for the adoption proceeding.
However, even if we were not to discount the three days, S.W.F. would not satisfy the “significant payment” test. Jurisprudence suggests that payments, comprising 20-40% of the total arrearage and of the arrearage for the relevant period preceding institution of suit, are “significant” for defeating adoption without the parent’s consent.[8]
Following Haynes’ significant payment guideline, S.W.F.’s single payment of $750.00, within approximately eight months preceding his token payment, three days before the petition’s filing, constitutes, only, 7.4% of the total arrearage, which he owed. Thus, he does not, even, come close to qualifying as having tendered “significant payments.”
Accordingly, we agree with the trial court’s assessment and find that D.M.W. has sufficiently proven a ground of parental consent forfeiture. Consequently, under La.Ch.Code art. 1245’s specific provisions, S.W.F.’s consent to the adoption of his child is not necessary.[9]
| .CONCLUSION
S.W.F. objected to D.M.W.’s petition to adopt S.W.F.’s natural daughter. Because S.W.F. failed to pay court-ordered child support for approximately eight months, the trial court found that it did not need the father’s consent to proceed with the intrafamily adoption. In turn, S.W.F. sought supervisory writs, which we deny, finding no manifest error and affirming the trial court’s decision.
WRIT DENIED.
PICKETT, J., concurs in the result.

. See La.Ch.Code art. 1193.

. In re Adoption of Moody, 201 So.2d 222 (La.App. 2 Cir.1967).

. Haynes v. Mangham, 375 So.2d 103, 105 (La.1979).

. 244 La. 730, 154 So.2d 380 (1963).

. 375 So.2d 103, 106 citing Ackenhausen, 154 So.2d at 383 (La. 1963).

. 244 La. 730, 154 So.2d 380, 383 (1963)

.In re LaFitte, 247 La. 856, 174 So.2d 804, 807 (1965).

. In re Adoption of Broussard, 469 So.2d 454(La.App. 3 Cir. 1985), writ denied, (La.9/20/85) 474 So.2d 1303. See also DeRosier v. Dean, 378 So.2d 588 (La.App. 3 Cir. 12/19/79).

. In re LaFitte, supra; In re Ackenhausen, supra.