333 So.2d 372 (1976)
In the Matter of ADOPTION OF Jason Edward McARTHUR.
No. 7500.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1976.
Rehearing Denied June 30, 1976.
Writ Refused October 1, 1976.
Beryl E. Wolfson, New Orleans, for Sebastian J. Paterniti, plaintiff-appellee.
Derbes & Derbes (James G. Derbes), New Orleans, for William Douglas McArthur, respondent-appellant.
*373 Before SAMUEL, LEMMON and STOULIG, JJ.
LEMMON, Judge.
This is a proceeding for the adoption of Jason McArthur filed pursuant to R.S. 9:422.1 by the child's stepfather, Sebastian Paterniti. Jason's legal father, William McArthur, has appealed from a judgment granting the adoption.
McArthur and his former wife (now Mrs. Paterniti) were divorced in New York in October, 1973 by a judgment which ordered McArthur to pay monthly support for Jason in the amount of $133.00. Jason's mother married Paterniti on May 4, 1974 in New York, and Paterniti moved the family to New Orleans two or three months later in connection with new employment.
McArthur had provided support as ordered until his former wife remarried. His last support payment was by check dated May 13, 1974.
On May 5, 1975 Paterniti filed this suit. Just prior to trial in July, 1975, McArthur attempted to bring the support payments current by submitting a $1,500.00 check, which Mrs. Paterniti refused. The trial court granted the adoption after trial on the merits.
McArthur first contends that the mother had actively concealed her whereabouts after moving to Louisiana. At trial, however, McArthur admitted he learned the Paternitis' Louisiana address in September, 1974, but complained principally that his former wife should have affirmatively disclosed this information. He also complained that the mother had unreasonably refused a scheduled visitation in April, 1974 and stated that when the child was removed from New York, he felt his visitation rights had been violated. He then cut off support in order to "bring things to a head" and accumulated the money in a bank account in his own name.
In enacting R.S. 9:422.1, the legislature defined conduct which would constitute a failure of the parent to fulfill his responsibility of supporting his child, whereby the parent would forfeit his parental rights. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963). The statute dispenses with consent when the parent refuses or fails to comply with the support order without justification.
In the present case McArthur was not justified in withholding support because of visitation problems or of disputes with the mother. When such problems occurred, McArthur should have used orderly judicial proceedings to enforce or protect his rights. His resort to economic coercion was an unjustified refusal to fulfill his parental duties and responsibilities. See also In re Lafitte, 247 La. 856, 174 So.2d 804 (1965).
McArthur next contends, relying on rules of strict construction, that he did not in fact fail to support the child for one year, inasmuch as the suit was filed nine days short of one year from his last payment.
In In re Ackenhausen, supra, the court held that one payment of $50.00 during the year by a parent ordered to pay $120.00 per month was for all practical purposes a cessation of support from the viewpoint of the child. The court observed that allowing a parent to prevent adoption by making token payments of nominal sums, in virtually complete disregard of the obligation to provide support and maintenance, would render the statute meaningless and ineffective.
The statute dispenses with consent because of unjustified conduct in refusing or failing to fulfill parental responsibility of support. The period of one year is specified as the length of time over which that conduct should be weighed and measured. The period was never intended as the length of time which must elapse, without any support payment whatsoever, before the statute becomes operative.
*374 In the present case McArthur's conduct over the period of one year prior to filing suit cannot be considered as reasonable or adequate discharge of his parental obligation of support.[1] And since this failure was without justification, we conclude the statute operated to render McArthur's consent to the adoption unnecessary.
Finally, McArthur contends that even if his consent was dispensed with, the trial court has discretion as to whether to grant the adoption. In this respect he argues that it was not shown he was unfit or that a continued relationship with him would be detrimental to the child.
We agree that the trial judge need not allow adoption, even in cases based on R.S. 9:422.1, if it is not in the best interest of the child. However, this trial judge apparently concluded that this adoption was in the child's best interest, and the record reveals no abuse of discretion.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] We thus find it unnecessary to consider Paterniti's arguments that the May 13 payment was due May 1 or that one year without payments did elapse shortly after suit was filed, as shown by evidence introduced without objection.