LEMMON, Judge.
This adoption proceeding was filed pursuant to R.S. 9:422.1 by Nolan Edwards, the present husband of the child’s legitimate mother. Larry Deming, the child’s legitimate father, has appealed from the judgment granting the adoption. The issue is whether Deming’s consent to the adoption is necessary under the circumstances of this case.
When Deming and the child’s mother (now Mrs. Edwards) were divorced in Florida in February, 1971, the judgment ordered Deming to pay support for his son in the amount of $12.50 per week to the clerk of the Florida court. A few months thereafter Deming remarried and moved to New Mexico. His former wife married Edwards in August, 1971, and the Edwards family lived in two cities in Florida before moving to Louisiana in 1974.
After the 1971 divorce Deming made regular support payments (apparently while still in Florida) through June, 1971. Thereafter, he made sporadic payments with decreasing frequency. During the period between September, 1974 and March, 1976, when he learned this action was being filed, he paid a total of only $74.00.[1]
R.S. 9:422.1, dispensing with the necessity of consent of the legitimate parent who fails without justification to comply with a support order, is a legislative attempt to define conduct whereby a parent forfeits his parental rights. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963). The statute does not require that one year must elapse without any support payment, but rather specifies the minimum length of time over which the issue of fulfillment of support responsibility should be measured and determined. In re McArthur, 333 So.2d 372 (La.App. 4th Cir. 1976).
Deming concedes, as indeed he must, that he failed in his support obligation, but citing the Ackenhausen case contends this failure was justified and therefore beyond the contemplation of the statute. His first contention of justification is that Mrs. Edwards denied him the reasonable visitation rights specified in the support order and failed to notify him of their whereabouts.
Mrs. Edwards never concealed her whereabouts, and the information was always available to Deming through the Florida clerk and through his mother, with whom Mrs. Edwards maintained a close relationship.[2] Furthermore, a parent’s extrajudicial resort to economic coercion, because of visitation problems or other disputes with the former spouse in custody, constitutes a willful, unjustified failure to fulfill his parental responsibility of support. In re McArthur, supra.
Deming’s second asserted basis for justification was the fact of his alcoholism, which he argues in this court was an illness *922 that prevented him from discharging his obligation. In the trial court, however, Deming merely testified that he had been an alcoholic, but had not had a drink since March, 1974. He presented no medical evidence and no other proof that he suffered from alcoholism or from any other condition that would affect his ability to support his child.[3] Furthermore, Deming admitted that he had been gainfully employed for some time, and he failed to show any connection between the alcoholism (from which he was rehabilitated in March, 1974) and his total failure to provide child support in 1975 and early 1976.
The judgment is affirmed.

AFFIRMED.

. The amount due during this 76-week period was $950.00.

. Deming’s mother visited the child in Louisiana on several occasions.

. Thus, on this record we do not reach the legal issue of whether the illness of alcoholism can be a justification for failing to provide child support so as to prevent operation of R.S. 9:422.1.