384 So.2d 377 (1980)
ADOPTION of Rachel Marie LATIOLAIS.
No. 66078.
Supreme Court of Louisiana.
May 19, 1980.
Rehearing Denied June 23, 1980.
Richard J. Putnam, Jr., Abbeville, for defendant-respondent, Glenn Latiolais.
James M. Cunningham, III, Edwards, Stefanski & Barousse, Crowley, for plaintiff-applicant, Kenneth James Guidry.
BLANCHE, Justice.[*]
Kenneth James Guidry seeks to adopt Rachel Marie Latiolais, the child of his wife by her first marriage. Sherald Glenn Latiolais, the child's father, has opposed the adoption. The trial court granted the adoption, ruling that since Mr. Latiolais had not paid court-ordered child support for a period in excess of one year, the necessity for his consent was obviated, and considering applicant's fitness as an adoptive parent, the adoption would be granted. R.S. *378 9:422.1. The court of appeal reversed, 376 So.2d 555 (La.App. 3d Cir. 1979), finding that the adoption was not in the child's best interest. We agree.
R.S. 9:422.1 does not set the criteria to be used in determining whether or not an adoption shall be granted. It applies only to the narrow question of whether parental consent shall be required when a minor's adoption is sought. The best interest of the child is the major standard to which a court must look before it can determine when or whether to order an adoption. R.S. 9:432. See also the full scope of requisites which the law makes applicable to adoptions. R.S. 9, §§ 421-441.
The courts below were correct that Mr. Latiolais' consent would not be required before an adoption could be ordered; he had failed to pay the child support which he was obligated to pay under court order. However, no showing was made by petitioner that Rachel Marie's best interest will be served by permitting the adoption here sought. On the contrary, Mr. Latiolais has shown that he and his daughter have a very close and loving relationship which has been maintained over the years since Mr. Latiolais and Mrs. Guidry were separated in 1971, at which time Rachel Marie was between two and three years old. Mr. Guidry failed to show how the adoption, which would rupture the relationship between Rachel Marie and her father, would be in the child's best interest. The record contains no evidence which relates to this crucial factor and which could be the basis for granting the adoption.
The decision of the court of appeal was correct and should be affirmed.
AFFIRMED.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.
MARCUS, Justice (dissenting).
I agree that where La.R.S. 9:422.1 applies, it dispenses with the necessity of obtaining consent from the other legitimate parent. The statute does not require a court to grant the adoption by the new spouse of the parent having custody merely because the conditions of the statute are met; the court must still consider whether the adoption will be in the "best interest of the child." La.R.S. 9:432(B).
I disagree with the affirmance of the decision denying Mr. Guidry's petition to adopt Rachel Marie Latiolais. Apparently, the trial court did not conduct a "best interest of the child" test, but merely granted the adoption by Mr. Guidry because it received a "favorable" report from the Louisiana Office of Family Security and because it believed La.R.S. 9:422.1 foreclosed consideration of Mr. Latiolais' relationship with the child as a factor in determining whether Mr. Guidry's adoption of the child should take place. It is for this reason that the record does not reveal evidence that the child's best interest will be served by granting the adoption. Under La.Code Civ.P. art. 2164, the appeals court should have remanded the case to the trial court to conduct a hearing to determine whether the best interest of this child would be served by granting Mr. Guidry's petition for adoption. Accordingly, I would reverse the decision of the court of appeal and remand the case to the trial court to conduct such a hearing. I respectfully dissent.
DENNIS, Justice, dissenting.
I respectfully dissent.
The trial judge found that the adoption was in the best interests of the child. The evidence supports his decision, despite the majority's conclusory language that there is no evidence that the adoption was in the best interests of the child. The plaintiff presented to the trial court evidence showing that Mr. Latiolais failed to make his child support payments for a period of one year. He produced evidence of his own fitness to adopt the child, demonstrating that the home environment for the child in his care has been beneficial to the child's welfare. Furthermore, the trial judge considered the recommendation of a state agency in favor of the adoption following its investigation into the matter.
*379 La.R.S. 9:422 authorizes a person 18 years or older to adopt children, but requires that consent must be given by a legitimate parent for his or her child to be adopted by the spouse of the other legitimate parent. La. R.S. 9:422.1 dispenses with the necessity of this consent in several instances, one of which is when the non-consenting legitimate parent has refused or failed to comply with a court order of support for a period of one year or more.
Thus, when the non-consenting legitimate parent so fails or refuses to support the child, the legislature in its wisdom has seen fit to grant the adopting parent as full a right to adopt as if consent had been granted.
Accordingly, it appears the majority opinion and the court of appeal opinion are incorrect on two grounds: They overrule the legislative policy established by the statutes, and they reverse a factual decision as to the best interest of the child by a trial court without demonstrating manifest error or abuse of discretion.
NOTES
[*] Chief Judge FREDERICK S. ELLIS participated in this decision as Associate Justice Ad Hoc.