408 So.2d 386 (1981)
In re David SHAVOR Applying for the Adoption of Desi Ray Pierre Zeringue, Jr.
No. 14446.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
Knobloch & Knobloch by F. Smith Knobloch, Thibodaux, for David M. Shavor, appellee.
Bourgeois & Bourgeois by John T. Bourgeois, Thibodaux, for Desi Ray Pierre Zeringue, Jr., appellant.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
This appeal is from a final decree of adoption of a child under the age of seventeen.
David Shavor, the second husband of the child's legitimate mother, petitioned to adopt his wife's six year old son, born during her previous marriage to appellant, Desi Ray Zeringue. Prior to the filing of the petition, Zeringue had signed a notarial instrument consenting to the adoption and waiving his right to be made a party to the proceeding.
Zeringue received notice of the adoption hearing through a letter sent to him by the *387 Department of Health and Human Resources (D.H.H.R.) pursuant to LSA-R.S. 9:427.[1] Although the letter was dated two days earlier, Zeringue allegedly received it on a Friday afternoon prior to the hearing set for the following Monday. He appeared at the hearing without counsel. While he was not sworn in as a witness, the trial judge stated that he did consider his voiced objections. The trial judge rendered a final adoption decree in Shavor's favor.
Zeringue was granted a new trial. Before the date of the new trial, the judge sustained Shavor's peremptory exception of no right of action because Zeringue was not a party to the adoption proceeding. Zeringue filed an appeal from the final decree of adoption and the dismissal on the peremptory exception. The motion for appeal was filed prior to the signing of the judgment on the exception. A petition for nullity of judgment is still pending in the trial court.
The issues before the court are the strict compliance with the adoption statutes, failure of the trial judge to receive Zeringue's evidence as to the child's best interest, compliance of the D.H.H.R. with LSA-R.S. 9:427 and sustaining of the peremptory exception.
We reverse and remand.
Zeringue argues that he is appealing the sustaining of a peremptory exception rather than the denial of a new trial. However, in the minute entry, we note that the new trial was granted subject to Shavor's objections and was thereafter denied on the peremptory exception. We find that judicial efficiency is promoted by considering the action as the denial of a new trial.
Otherwise, the appeal would be filed prematurely since the granting of a motion for new trial suspends a prior judgment until a new judgment can be rendered and signed. Jordan v. Jordan, 277 So.2d 761 (La.App. 1st Cir. 1973).
The denial of a motion for a new trial is a nonappealable interlocutory judgment. Kidd v. Fortenberry, 384 So.2d 509 (La.App. 2nd Cir. 1980). Therefore, that issue is not before this court.
Much has been said about Zeringue's consent being under LSA-R.S. 9:422:
"A single person eighteen years or older, or a married couple jointly, may petition to adopt a child. When one joint petitioner dies, proceedings may continue as though the survivor was a single original petitioner. If one of the spouses is the legitimate parent of the child to be adopted the other spouse may adopt the child with the written consent of the legitimate parent who need not join in the petition nor be served with a copy thereof. A judgment of adoption awarded to one spouse shall not alter the relationship of the child to the spouse who is the legitimate parent."
The "written consent" in that statute refers to the consent of the spouse of the petitioner. While a married person ordinarily must file a joint petition along with his spouse by written consent, the spouse who is the legal parent of the child can avoid the necessity of being made a party.
The adoption procedure for minors under seventeen was extensively amended in 1979 to provide a method of private adoption by voluntary surrender similar to the voluntary surrender given in an agency adoption. However, there is no contention that the *388 specific requirements of that statute[2] as to consent were complied with.
Zeringue could consent to the adoption of his son by notarial act rather than by strict compliance with the prerequisites of LSA-R.S. 9:422.6. He made a valid oral revocation of that consent. Moreland v. Craft, 244 So.2d 37 (La.App. 3rd Cir. 1971), writ refused 258 La. 348, 246 So.2d 197 (1971).
However, a study of LSA-R.S. 9:429, 432 and 434[3] leads us to the conclusion that the withdrawal of consent given in a notarial instrument does not inexorably lead to a denial of the adoption. It is the best interest of the child that controls. Adoption of Latiolais, 384 So.2d 377 (La. 1980). The record contains no evidence as to the best interests of the child.[4] We have to reverse on that point.
*389 Appellant contends that the report of the Department of Health and Human Resources is inadequate under LSA-R.S. 9:427. We agree. Furthermore, the Department's use of the mails on the same day as the report to ask for appellant to come in their office seems a poor compliance with the statute's requirement to make "every effort to locate the living parent." These deficiencies should be corrected on the remand.
We believe too that the consideration of the child's best interest may well be enhanced by the reception of appellant's objections and reasons therefor.
Appellee contends that the advantages and disadvantages of adoption were adequately shown and that the trial judge's decision was based on the child's best interest. He partially distinguishes Adoption of Latiolais, supra and In Re Hinton, 390 So.2d 972 (La.App. 2nd Cir. 1980), writ refused 396 So.2d 927 (La.1981), on the basis that they were LSA-R.S. 9:422.1 adoptions where consent of the parent is not necessary. However, the requirement of determination of the child's best interest should not be so restricted.
In light of the above errors, we reverse the final adoption decree. We elect to remand for a new hearing because of the sensitive and critical nature of the child's situation. Costs are to be paid by appellee.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 9:427:

The department shall study the proposed adoption and submit a confidential report of its findings to the judge. The findings shall include the conditions with respect to the availability of the child for adoption; the physical and mental condition of the child and other factors regarding the suitability of the child for adoption in petitioner's home; the moral and financial fitness of the petitioner; the conditions of the proposed adoptive home with respect to health; adjustment, and other advantages or disadvantages to the child. If the child has not been legally surrendered or declared abandoned by a court of competent jurisdiction, the department shall make every effort to locate the living parent of the child to determine his attitude toward the proposed adoption.
[2] LSA-R.S. 422.6:

The formal act of surrender shall identify the parents or parent of the child by name, parish of domicile, age, and marital status; shall identify the child and the parish of birth of the child; shall indicate the name and address of the person or persons to whom the surrender is made, or the name and address of the representative of that person or persons; and shall recite: (1) the date of birth of the child to be surrendered and that the act is not signed earlier than the fifth day following that date; (2) that the parent or parents freely and voluntarily surrender custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption; (4) that the parent or parents have been informed and understand that their rights as parents of the child are to be terminated, and (5) that notice and service of any pleading of any sort in any subsequent adoption proceeding is waived. Should a surrendering parent of the child be under the age of eighteen at the time of signing, the formal act shall also recite that fact and shall state that the surrendering parent under the age of eighteen is joined in signing the formal act of surrender by those individuals indicated in R.S. 9:422.3. Each necessary party must sign in the presence of a notary and two witnesses, although it is not necessary that they sign the same instrument.
[3] LSA-R.S. 9:429:

The judge, upon examining the confidential report and upon the parties being interrogated, may grant or refuse to grant an interlocutory decree during or after the hearing hereinabove provided. The clerk of court shall forward a certified copy of the decree to the department. The withdrawal of consent to the adoption of a child, once given in a notarial act by the parent or parents of the child, shall not bar an interlocutory decree of adoption, if the court considers the decree in the best interest of the child.
LSA-R.S. 9:432:
A. The child shall have lived with the petitioner for at least one year and at least six months shall have elapsed after the granting of an interlocutory decree before the petitioner may apply for a final decree of adoption. The same procedures as are prescribed in R.S. 9:428 and 9:429 for the interlocutory decree are to be followed, except that the petition for a decree of final adoption need not be served upon anyone except the department. A second confidential report must be presented the judge preceding the hearing on the final decree of adoption. The findings of this report shall be based upon the same consideration as prescribed in R.S. 9:427 for the report which precedes the interlocutory decree and shall disclose any changed conditions and all new pertinent information.
B. The court, after hearing and after taking into consideration information from all sources concerning the adoption, may enter a final decree of adoption; or it may deny the adoption. The basic consideration for this decree and all others shall be the best interest of the child. The clerk of court shall forward a certified copy of this decree to the department. The withdrawal of consent by the legitimate parent or parents, by the mother or by the father who has acknowledged by notarial act as provided by Article 203 of the Civil Code, shall not bar a final decree of adoption.
C. In cases brought under the provisions of R.S. 9:422.3, the child shall have lived with the petitioner for at least six months, after the granting of an interlocutory decree, before the petitioner may apply for a final decree of adoption.
LSA-R.S. 9:434:
When the department does not make recommendations against the adoption, and all other requirements for an interlocutory decree have been met, the court may render a final decree of adoption at the first hearing, without the necessity of entering an interlocutory decree, where:
* * * * * *
(2) The spouse of the petitioner is the legitimate parent of the child.
[4] There is no transcript of the adoption hearing.