424 So.2d 405 (1982)
In re BAS APPLYING FOR ADOPTION,
No. 15090-CAJ.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
Sam N. Gregorio by James G. Cowles, Jr., Shreveport, for appellant.
Wilson & Veatch by Thomas A. Wilson, Shreveport, for appellee.
Before PRICE, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
Applicant petitioned to adopt the son of his wife by a prior marriage. Applicant's petition was opposed by the child's natural father, who appeals a judgment granting the adoption. We affirm.
This appeal presents two issues: 1) is the custodial parent's frustration of the non-custodial parent's visitation rights just cause for the latter's failure to pay child support under LSA-R.S. 9:422.1; and 2) is applicant's adoption of the child in the latter's best interest.[1]

The Facts
The child was born on December 9, 1973, of the marriage between appellant and applicant's wife. The parents of the child were divorced in Bexar County, Texas, on August 1, 1977. The judgment awarded custody of the child to his mother and ordered appellant to pay child support of $125.00 per month.
*406 On August 20, 1977, the child's mother married the applicant. Since then she and the child have resided with the applicant in Shreveport.[2]
Appellant has not spoken to or visited his son since 1977, nor has he given the child a Christmas or birthday gift since the divorce. By his own admission appellant made only one child support payment in 1979 and none in 1980 or 1981 before the petition was filed, though he was almost continuously employed throughout that period.[3]
Appellant testified that he stopped making child support payments because of his former wife's repeated failure to honor his visitation rights. He further testified that he would resume making support payments if he was allowed to see his child.
Applicant and his wife testified that appellant made only sporadic attempts to see the child. They denied interfering with appellant's attempts to see or contact the child.
Applicant has supported the child since 1979. He testified that he loves the child and that they participate in father and son type activities together. Applicant further testified that he desired to take on the full obligation of being the child's father.
The trial judge found appellant without just cause for his failure to pay child support and further found the adoption to be in the child's best interests. The judgment complained of was rendered and the natural father appealed.

Issue # 1
Under LSA-R.S. 9:422.1(1) a stepparent may adopt without consent of the non-custodial parent where: 1) his spouse has been granted custody by a court of competent jurisdiction; and 2) the non-custodial parent has failed to comply with a court order of support for a period of one year. The jurisprudence has added the additional requirement that the failure to support have been without just cause. Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir.1977).
The child's mother was awarded custody of the child by a court of competent jurisdiction and appellant made none of the court ordered child support payments for well over one year prior to the filing of the petition. Thus, it was appellant's burden to prove some just cause for his failure to pay child support. Berry v. Berryhill, 330 So.2d 405 (La.App. 3d Cir.1976).
The asserted basis for appellant's failure to pay child support was his former wife's obstruction of his visitation rights.
The evidence concerning the alleged obstruction of visitation is in complete conflict. The trial judge's excellent written reasons show that he accepted the version of applicant and his wife, and found no obstruction of visitation. That finding was based on a reasonable evaluation of credibility by the trial judge and, therefore, may not be disturbed here. Pierre v. Landry, 341 So.2d 891 (La.1977).
Further, even had appellant proved an obstruction of visitation it would have been of no avail. Denial of visitation is not just cause for the failure to pay child support. In re Jones, 337 So.2d 283 (La.App. 2d Cir. 1976), writ refused, 340 So.2d 314 (La.1976); Matter of Adoption of McArthur, 333 So.2d 372 (La.App. 4th Cir.1976), writ refused, 337 So.2d 219 (La.1976); Edwards v. Deming, 350 So.2d 920 (La.App. 4th Cir.1977).
The trial judge correctly concluded that appellant's failure to pay child support was without just cause.[4]

*407 Issue # 2

Even in cases where parental consent is not required the adoption should be allowed only when it is in the best interests of the child. Adoption of Latiolais, 384 So.2d 377 (La.1980).
Whether an adoption is in the best interests of the child must be decided on the facts of each case and the trial judge is vested with great discretion in making that determination. In re Hinton, 390 So.2d 972 (La.App. 2d Cir.1980).
Appellant contends that there was no showing that the adoption was in the best interests of the child. The trial judge found to the contrary.
The record shows that applicant loves the child and has provided all support for this child since 1979. The child and applicant participate in activities together. The child has been in the home with applicant since 1977 and appellant has not seen the child since 1977.
Applicant testified that he desired to assume the full responsibility of being the child's father. A responsibility which appellant has carefully shirked for nearly two years.
Appellant's counsel argues that an affirmance "would be tantamount to a `pronouncement of death' between father and child." Perhaps so, but it would be no more than the recognition of the death which occurred long ago of a relationship.
We are in accord with the trial judge's finding that the adoption would be in the child's best interests.
Appellant's assignments of error are without merit. The judgment is affirmed at appellant's costs.
NOTES
[1] Appellant makes 3 assignments of error. He contends the trial judge erred in:

1) finding that he did not have just cause for his failure to support his child;
2) applying R.S. 9:422.1 and granting the adoption without his consent; and
3) finding the adoption was in the best interest of the child.
[2] The child was brought to Louisiana in contravention of the Texas judgment which ordered his mother not to take him out of the state without the prior written consent of the court. Following the child's removal from the state, his father applied to the Texas court for a new trial and his motion was denied. It does not appear that the natural father has made any other attempt to avail himself of a judicial remedy for the mother's violation of the judgment.
[3] The payment made in 1979 may not have been received until January, 1980.
[4] Just as the violation of a judgment by denial of visitation does not provide just cause for a failure to pay child support, neither would the violation of the judgment by removing the child from the state provide just cause for the failure to pay child support.