LeBLANC, Judge.
This is an appeal from a judgment of the trial court denying appellant’s rules to make past due child support executory.
Judy Drude Macaluso, appellant, and Emile R. Macaluso, appellee, were divorced by judgment rendered on January 2, 1985. Custody of the one child born of the marriage, Ashley, then age 14, was awarded to Mrs. Macaluso, with Mr. Macaluso being awarded visitation on alternate weekends. The divorce judgment also ordered Mr. Ma-caluso to pay $375.00 per month in child support, payable in equal installments on the first and fifteenth day of each month.
On May 15, 1985, Mr. Macaluso filed a rule to reduce child support and enforce his visitation rights. Mr. Macaluso also requested that Mrs. Macaluso be held in contempt for refusing to allow him visitation with Ashley. Thereafter, Mrs. Macaluso filed a cross-rule on July 23, 1985, seeking $1,889.00 in past due child support. On August 19, 1985, pursuant to a stipulation by counsel for both parties, the trial court rendered a consent judgment, which disposed of the two rules filed by Mr. and *202 Mrs. Macaluso. This judgment provided that Mr. Macaluso was to pay $1,000.00 in past due child support on or before September 19, 1985. Mr. Macaluso’s rule for reduction was denied and he was ordered to continue paying $375.00 per month in child support, the same amount originally provided in the divorce judgment. In addition, the stipulated judgment contained the following provision.
It IS FURTHER ORDERED, ADJUDGED AND DECREED that the child support payments ordered in the preceding paragraph are contingent upon the minor daughter’s compliance with the full and complete visitation rights specified hereafter. If the minor child fails or refuses to visit with her father then, by order of this court, child support payments are suspended until the said minor child resumes full and complete visitation as hereinafter specified. The minor, Ashley Mcaluso, shall visit her father, Emile R. Macaluso, every other weekend from Friday at 6:00 o’clock p.m., until Sunday at 6:00 o’clock p.m. ...
This judgment was signed on September 9, 1985.
Eight days later, on September 17, 1985, Mrs. Macaluso filed a rule for contempt and past due child support. In this rule, Mrs. Macaluso contends that during her daughter’s initial visitation with Mr. Maca-luso following the September 9th judgment, he and his current wife treated Ashley in such a manner as to make it impossible for her to complete the specified period of visitation. Mrs. Macaluso further alleged that Mr. Macaluso was using this as a pretext for wrongfully refusing to pay child support and, accordingly, she requested that past due child support be made executory. On December 26, 1985, Mrs. Macaluso, through newly-retained counsel, filed a supplemental rule for contempt and additional past due alimony.
A hearing on these rules was held on January 27, 1986. The evidence presented at this hearing revealed that Mr. Macaluso had made no child support payments since September 1, 1985, and that Ashley had visited her father on only two occasions. However, on these two occasions, she did not stay for the entire visitation period specified in the judgment. Following the hearing, the trial court rendered judgment denying Mrs. Macaluso’s rules to make past due child support executory. This judgment was signed on July 9,1986. Mrs. Macaluso has now appealed this judgment.
On appeal, Mrs. Macaluso argues that the trial court erred in enforcing the provision in the stipulated judgment which suspended child support whenever Ashley failed or refused to comply with visitation with her father, since this provision is contra bonos mores. We agree.
Parents have a legal duty to provide support to their children. Dubroc v. Dubroc, 388 So.2d 377 (La.1980). In fact, the “... support of his child is one of the strongest obligations the law imposes upon a parent.” In re EWB, 441 So.2d 478, 483 (La.App. 2d Cir.1983). “The child is the veritable creditor of each parent’s unilateral obligation for his upbringing ...” Dubroc 388 So.2d at 380. This duty cannot be permanently renounced or suspended. Id. Although the parents of a child may mutually agree to modify a support judgment in certain respects, in order for such an agreement to be enforceable it must be in the child's best interest and must not interrupt his maintenance and upbringing. Dubros; Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir.1986).
We find that the provision making the payment of child support contingent upon the child complying with the visitation ordered is clearly against public policy and is absolutely null on its face. The public policy behind a parent’s duty of support is to ensure, both for the sake of the child and the sake of the general public which might otherwise have to provide his support, that each child receives support sufficient for his maintenance and upbringing. Further, the duty of support owed by a parent to a minor child is unilateral in nature and arises by the mere fact of paternity. Dubroc. It is well-established that a parent is not justified in failing to pay support, even when there has been a denial of visitation privileges. In re EWB; Adop *203 tion of Latiolais, 376 So.2d 555 (La.App. 3d Cir.1979), affirmed, 384 So.2d 377 (1980); Matter of Adoption of McArthur, 333 So.2d 372 (La.App. 4th Cir.), writ refused, 337 So.2d 219 (1976). The payment of child support can not be made contingent upon the child agreeing to comply with visitation, as was done in this case, because support is not a duty that a parent owes in exchange for visitation. A parent’s duty of support arises entirely independent of any issue of visitation privileges, merely by virtue of the child’s paternity. See Dubroc. To enforce the portion of a judgment containing a provision such as the one in question, would clearly be repugnant to the public policy behind a parent’s duty of support.[1]
In any event, even if this provision were not a violation of public policy, it would still be unenforceable because it is clearly not in Ashley’s best interest. See Dubroc. In addition to creating the possibility of a major disruption in her maintenance, this provision, which is a form of economic coercion, undoubtedly places an undue burden of responsibility and stress upon her.
We are sympathetic to Mr. Macaluso’s plight. However, we cannot help observing that his own rigid insistence on following the letter of the judgment, rather than lts spirit, has thwarted his own desire to visit his daughter on a least two occasions. In any event, whatever visitation problems Mr. Macaluso may be experiencing, it is not consistent with public policy to allow him to avoid his child support obligation on this basis.
For the above reasons, that portion of the September 9th judgment making the payment of child support contingent upon full compliance with the visitation ordered is an absolute nullity. The trial court erred in relying on this provision to deny Mrs. Macaluso’s rules for arrearages. Accordingly, the July 9, 1986, judgment of the trial court denying Mrs. Macaluso’s rules for arrearages is hereby reversed. Fur-. ther, this matter is remanded to the trial court, which is instructed to reconsider the rules for arrearages filed by Mrs. Macaluso on September 17, 1985 and December 26, 1985.
All costs of appeal are to be paid by appellee.
REVERSED AND REMANDED.

. Additionally, it is apparent that this type of provision is unworkable as a practical manner, being readily subject to several forms of abuse. Initially, we note it makes no provision for occasions when the child has a legitimate reason, such as illness, etc., for failing to comply with visitation. In such instances, the noncustodial parent is entitled under the contingency provision to suspend child support. Further, while we are not suggesting this occurred in the present case, a noncustodian parent could make visitation unpleasant enough that the child would refuse to comply, thereby authorizing a suspension of child support.