BARRY, Judge.
A father appeals his daughter’s adoption claiming (1) his consent is required and (2) the trial court did not consider the best interests of the child.
The child was born April 21, 1980. The parents separated April 19, 1983 and divorced March 7, 1984. The ex-wife obtained legal custody of the child and $30 per week child support. The mother remarried in December, 1984 and the child has resided with her mother and stepfather since.
The child’s father refused to consent to the adoption, so on June 17, 1986, her stepfather proceeded under La.R.S. 9:422.1, which provides in pertinent part:
If the spouse of the petitioner is the legitimate parent of the child ..., then the consent of the other legitimate parent is not necessary when the spouse of the petitioner ... has been granted custody of the child by a court of competent jurisdiction, and one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
After a hearing in August 1986, the trial judge granted the stepparent adoption reasoning:
Under the provisions of LRS 9:422.1; The [sic] consent of the natural parent is not necessary when (1) the spouse of the petitioner is the legitimate parent of the child (2) the other legitimate parent has refused or failed to comply with a court order of support for a period of one year. The facts indicated that (1) From April 19, 1983 to March 30, 1984 the natural father showed no proof that any payments were made. (2) From March 30, 1984 to August 3, 1984, the child’s mother admitted receiving the following payments:
March 30,1984 — $ 30.00
April 27,1984 — 60.00
May 5,12 & 21,1984 — 120.00
July 27,1984 — 30.00
August 3,1984 — 45.00
$285.00
In addition to these payments, the child’s father David L. Serpas, states he paid $315.00 over and above this amount and the child’s mother states she did not receive these payments. (3) From August 3, 1984 to August 15, 1986 Mrs. Kuchler, says she received one payment of $200.00 in August 1985.
The child’s father, David Serpas, says he and his ex-wife agreed that in lieu of child support payments, he was to pay a bill incurred by the minor at Tulane Medical Center. The wife denies that any such agreement was made.
Although the court heard some inconsistent testimony relative to support, the court feels that David Serpas did not make substantial payment. He certainly did not comply with court orders. Even if his testimony is to be believed relative to his statement that Tulane Medical was to be paid in lieu of child support, only sporadic payments were made. In fact, Mr. Serpas’s records indicate that from June 17, 1985 to June 17, 1986 he paid Tulane Medical a total of $120.00. During that one year period from June 17, *376 1985 to June 17, 1986, the mother only received a payment of $200.00.
The court feels that David Serpas made no substantial payments toward his child support; that the payments that were made were very sporadic and that more then [sic] one year elapsed when no substantial payments were made. His consent is not needed to this adoption pursuant to LRS 9:422.1 and the court grants the adoption as requested.
The father contends the trial court erred by determining that his consent was unnecessary under La.R.S. 9:422.1. He claims that he made significant support payments in compliance with the court order, therefore, his consent is required for his daughter’s adoption. The stepfather argues consent is not necessary since the natural father failed to support his daughter for a period of over one year.
The mother testified that she received $200 for school uniforms in August, 1985. The father claims he paid Tulane Medical Center in lieu of paying child support to his ex-wife, introducing cancelled checks and money order receipts as evidence. The amount paid Tulane Medical Center only totaled $120.00 during the one year period prior to the filing of the adoption petition.
If a parent is under court order to support a child and has not made a “significant” support payment within a year prior to filing of the petition for adoption, the parent loses the right to prevent the adoption by withholding consent. Haynes v. Mangham, 375 So.2d 103 (La.1979). La. R.S. 9:422.1 should not be so narrowly interpreted that any payment made within the year could prevent adoption. In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963). In Haynes, supra, a payment constituting 25% of the parent’s annual support obligation was found to be a “significant” payment for purposes of La.R.S. 9:422.1.
The evidence shows that the father paid $320 during the year in question which constitutes 20.5% of his $1560.00 yearly support obligation. That amount is close to the Haynes standard, but we cannot say that the trial court was clearly wrong in concluding it was not a “significant payment”. Thus, under La.R.S. 9:422.1 the father’s consent to the adoption is not necessary.
However, the adoption should not be granted solely because the opposing parent has lost the right to consent. Adoption of Latiolais, 384 So.2d 377 (La.1980) set forth the following guidelines in applying La.R.S. 9:422.1:
R.S. 9:422.1 does not set the criteria to be used in determining whether or not an adoption shall be granted. It applies only to the narrow question of whether parental consent shall be required when a minor’s adoption is sought. The best interest of the child is the major standard to which a court must look before it can determine when or whether to order an adoption.
The father contends the trial court erred by not considering the best interests of the child. The trial court’s comments at the conclusion of the hearing indicate the belief that once the consent requirement was disposed of pursuant to La.R.S. 9:422.-1, the adoption should, without more, be granted. Memoranda submitted by counsel for both parties make no mention of the best interest standard. In its reasons for judgment, the trial court did not mention the best interests of the child. In the judgment the trial court states “[t]he court is satisfied, for the reasons this day assigned that the adoption is for the best interest of the child.” However, the only reasons assigned relate to application of La.R.S. 9:422.1 without a finding that the father and daughter did not have a meaningful relationship or that the severance of their relationship is in the best interests of the child.
Our primary concern is to apply the “best interest” standard. In Re W.P.B., 444 So.2d 666 (La.App. 4th Cir.1984). Thus, we reviewed the record regarding the best interests of the child. The child’s mother and stepfather attested to a close, loving relationship between the child and her stepfather. According to her mother, the child loves her stepfather very much, *377 calls him “Daddy” and wants her surname changed to his. In his testimony, the child’s father expressed concern that he could not afford to send the child to a Catholic school but was happy she was attending one. The father openly expressed his love for his daughter, acknowledging that the child and her stepfather might also have a loving relationship. Though the mother testified that the father only saw the child occasionally, the father also testified that he saw Heather as often as the child’s mother would allow it. He noted that the child has had 6 or 7 weekend visits with him during the year preceeding the hearing.
It is clear that the trial court did not make a determination as to the best interests of the child.
We reverse and remand for further proceedings on this fundamental issue by the trial court.
REVERSED AND REMANDED.
GULOTTA, C.J., concurs in part; dissents in part.