WILLIAM A. CULPEPPER, Judge Pro Tem.
Stanley Michael Evans, Jr. and Robin Black Evans petitioned the court to allow Mr. Evans to adopt his wife’s two minor children from a prior marriage. The petitioners alleged that the consent of the children’s father was not necessary because he had failed to comply with a court order of support for a period of one year. The children’s father, Steven C. Otterstatter, opposed the adoption. Mr. Otterstatter asserted that he had not forfeited his right to consent on the grounds of nonsupport. Mr. Otterstatter alleged that he was unable to provide support due to physical, emotional and psychological problems which rendered him incapable of engaging in employment. After a hearing on the matter, the trial court denied the adoption and rendered judgment accordingly. The petitioners have appealed the trial court’s judgment denying the adoption based upon its finding that Steven C. Otterstatter had shown just cause for not complying with the court order of support. We affirm.
FACTS
Robin Black Otterstatter (Evans) and Steven C. Otterstatter were married in January of 1976. Two children, Heather Lynn, age 10, and Holly Michelle, age 8, were bom of the marriage. In April of 1982 the parties obtained a judgment of separation in which Robin Black Otterstatter was granted custody of the minor children and awarded $300 per month for child support. Mr. Otterstatter was granted specific visitation privileges. The Otterstatters were subsequently divorced on April 4, 1983. Custody of the children and child support in the sum of $300 per month were continued in favor of Mrs. Otterstatter. Robin Black Otterstatter and Stanley Michael Evans, Jr. were married on June 17, 1983. Stanley and Robin Evans filed their petition for adoption on May 16, 1985.
DID THE TRIAL COURT COMMIT ERROR IN FINDING JUST CAUSE FOR STEVEN C. OTTERSTATTER’S FAILURE TO PROVIDE SUPPORT?
An adoption may not be granted without the consent of both parents, except in situations in which parental consent has been dispensed with by law. LSA-R.S. 9:422.1. The consent of a legitimate parent is not necessary if the spouse of the petitioner is the legitimate parent of the child, that parent has been awarded custody of the child and the other legitimate parent has refused or failed to comply with a court order of support for a period of one year. Id.
In the case before us, Mr. Evans is the spouse of the children’s mother and Mrs. Evans was awarded custody of the children. Mr. Otterstatter did meet his support obligation up until approximately April of 1983, he made one payment during 1984 and none thereafter. The third requirement which would obviate the necessity for his consent to the adoption has been fulfilled.
However, once nonpayment has been shown, the other parent has the burden of proving that the failure to provide support is with just cause or has been occasioned by circumstances beyond his control. In Re Adoption of Fonts, 254 So.2d 649 (La.App. 4th Cir.1971), Adoption of Latiolais, 376 So.2d 555 (La.App. 3d Cir.1979), aff’d, 384 So.2d 377 (La.1980) and In Re Glass Applying for Adoption, 424 So.2d 383 (La.App. 2d Cir.1982). Steven Otterstatter alleged that since February of 1983 his physical, emotional and mental *119 disabilities prevented him from working and, as a result, from providing support.
Our review of the record leads us to conclude that the trial court did not err in finding that Steven Otterstatter’s failure to provide support was for reasons beyond his control and that there was no abuse of discretion in the denial of the adoption. In Re Adoption of Fonts.
Mr. Otterstatter was injured in a work-related accident in January of 1983 which resulted in ulnar nerve damage to his right hand and arm. In April of 1983 he and Mr. Evans were involved in fisticuffs in which he was injured, and in October of 1983 he and his daughters were involved in a serious automobile collision. This series of accidents compounded by Mr. Otterstat-ter’s developing mental and emotional problems rendered him incapable of obtaining employment and perhaps even made him unemployable.
We agree with the appellees that Mr. Otterstatter’s ulnar neuropathy does not render him disabled. Surgery would probably relieve if not correct the problem. However, we are convinced by the testimony of all of the witnesses, especially Mr. Otterstatter, and the medical records introduced, that Steven Otterstatter’s emotional and psychological problems have disabled him far more than any physical problems.
We conclude, as did the trial court, that under these circumstances the parental ties should not be severed. Steven Otterstatter has shown that his failure to provide support was occasioned by circumstances beyond his control. He no doubt loves his children and has been frustrated by his problems and the resulting effect on his life.
Accordingly, we affirm the judgment of the trial court. The costs of this appeal are assessed to the petitioners-appellants.
AFFIRMED.