|,COOKS, Judge.
The natural mother appeals the trial court’s judgment granting the step-mother’s petition for intrafamily adoption. For *708 reasons set forth below, we reverse the trial court’s ruling.
FACTS
M.D. and T.H. are the natural parents of two children: L.H., who was born in 1988, and K.H., who was born in 1990. The parents married in 1991, but were divorced in 1993. The father was awarded the sole care, custody and control of the minor children. The mother was granted reasonable visitation rights. Initially, the mother was ordered to pay child support in the amount of $191.00 per month. A subsequent, judgment ordered her to pay child support in the amount of $418.00 per month, plus 37% of all medical expenses not covered by insurance. Sole custody was maintained in favor of the father, with the mother continuing to enjoy visitation rights.
In 1995, the father married K.L.H. The natural mother, who also remarried, subsequently failed to pay child support for more than one year. On July 16, 1999, K.L.H., as the children’s stepmother, applied for the intra-family adoption of the children. She alleged because the natural mother failed to pay child support for more than one year, her consent to the adoption was unnecessary according to La. Ch.Code art. 1245(D)(1). At trial, the natural mother argued the statute was unconstitutional and violated her due process rights. On August 24,1999, the trial judge granted the step-mother’s petition for adoption. From this judgment, the natural mother appeals.
ANALYSIS
Judicial termination of parental rights results in the permanent elimination by court order of all a mother’s or father’s parental rights and duties. An adoption may not be granted without the consent of both parents, except when parental consent has Lbeen dispensed with by law. Adoption of Otterstatter v. Otterstatter, 525 So.2d 117 (La.App. 3 Cir.1988). In this case, the stepmother argued the natural mother’s parental consent was not necessary as provided by La. CLCode art. 1245(D)(1) because she failed to pay child support for more than one year. La. Ch. Code art. 1245 provides:
A. The consent of a parent as required by Article 1193 may be dispensed with upon proof of the required elements of either Paragraph B, C, or D.
[[Image here]]
D. When a parent lawfully exercising actual custody of the child is married to a stepparent petitioner and either of the following conditions exist:
(1) The other parent has refused or failed to comply with a court order of support for a period of one year.
However, the courts have held non-compliance with a support order will not automatically result in forfeiture of parental rights unless the failure is without just cause. Leger v. Coccaro, 98-202 (La.App. 3 Cir. 4/29/98); 714 So.2d 770, writ denied, 98-1423 (La.7/2/98); 724 So.2d 740; Wyatt v. Dep’t of Public Welfare, 442 So.2d 1369 (La.App. 3 Cir.1983); In re Bas, 424 So.2d 405 (La.App. 2 Cir.1982); Adoption of Rapp, 348 So.2d 107 (La.App. 4 Cir.1977). And even if the parent’s failure was without just cause, the judge nonetheless must determine whether the proposed adoption and consequent severance of the parental relationship are in the best interest of the child. Adoption of Latiolais, 384 So.2d 377 (La.1980).
It is undisputed the natural mother failed to pay child support for more than one year. Although her failure may have obviated the requirement that she consent to the proposed adoption, permanent severance of the natural mother’s relationship with her children by court order is warranted only if the evidence established her failure was without just cause and terminating her parental rights is in the children’s best interest.
*709 IJUST CAUSE
An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). A two-tiered test for reversal of a fact finder’s determination has been established by the Louisiana Supreme Court: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong. Stobart, 617 So.2d at 882, citing Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
The natural mother alleges the trial court erred in finding she did not show “just cause” for her failure to pay support as ordered. The natural mother notes the record contains uncontradicted evidence that during the year in which she failed to pay child support, she was physically abused by her then husband. The natural mother eventually left her husband, with whom she had started a business shortly after their marriage. She was forced to relocate several times and find new employment. The natural mother, alleged the father verbally agreed during this period to suspend her child support payments. The father acknowledged he was aware the natural mother was being abused by her second husband, but he denied entering a verbal agreement to suspend the payments. We cannot.say the trial judge erred in failing to accept as proven the alleged agreement. However, we are satisfied the judge manifestly- erred in failing to consider as mitigating factors the domestic abuse suffered by the natural mother and the attendant instability in her life. Even if we disregarded the natural mother’s domestic upheavals and found no just cause existed for her failure to pay the court ordered support, the question still remains whether severance of all ties with her children is in their best interest.
BEST INTEREST OF THE CHILDREN
|,qAs noted, a parent may lose the right to consent to the adoption of her child as provided by La. Ch.Code articles 1193 and 1245(D)(1), but the adoption should only be granted when it is in the best interest of the child. Adoption of Latiolais, 384 So.2d 377 (La.1980). The party petitioning the court for adoption carries the burden of proving the adoption is in the best interest of the child. In re JMP, 528 So.2d 1002 (La.1988); Wyatt v. Dep’t. of Public Welfare, 442 So.2d 1369 (La.App. 3 Cir.1983).
Whether an adoption is in the best interest of the child must be decided on the facts of each case, and the trial judge is vested with great discretion in making that determination. In re Farrar, 93-1347 (La.App. 3 Cir. 4/6/94); 635 So.2d 674. However, this discretion is not absolute and the trial judge’s best interest determination is subject to reversal if the record reveals it was manifestly erroneous. La-tiblais, 384 So.2d 377.
This court in In re F.arrar, 635 So.2d at 676-77 thoroughly reviewed the applicable law and jurisprudence concerning adoption. We stated:
In reviewing the law in the area of adoption, we note that there is no clear definition or absolute outline of factors that should be used in determining what is in the best interest of a child. Louisiana courts have cited several factors including the ability of the stepparent to serve as parent, the ability of the stepparent to provide for the child’s physical needs, the stepparent’s ability to fulfill the psychological needs of the child, and lastly, whether the aforementioned considerations outweigh the existent natural parent-child relationship. In re Billeaud, 600 So.2d 863, 865 (La.App. 3d Cir.1992). More specifically, where a stepparent is married to the natural parent having custody and seeks to adopt that child, Louisiana courts have held: *710 The most important factors are the child’s relationship with h[is] stepfather and h[is] natural father. It is not enough to examine the love and home environment provided by the petitioner/stepparent. It is necessary as well to examine the depth of closeness of the child’s ties with the non-custodial natural parent, and the effect which the loss of this relationship would have on the child. In Re JGG v. JLF, 556 So.2d 236 (La.App. 2d Cir.1990). The court must also consider the seriousness and finality of the severing of the relationship between the parent and child, as well as the importance and benefit to the child of a continued | ^relationship with the parent. Id.
Knapp v. Adoption of Cotten, 577 So.2d 241, 246 (La.App. 1st Cir.), mit denied, 580 So.2d 364 (La.1991). Consequently, a court, for example, cannot automatically grant a stepparent’s petition for adoption even where the relationship between a stepfather and his stepson is closer and more affectionate than the relationship between the son and his natural father. The law requires that the court also evaluate the relationship between the child and the natural parent and the effect on the child of severing the natural parent-child relationship.
This court has previously addressed the importance of the natural parent-child relationship. In Latiolais, which was affirmed by the Louisiana Supreme Court, we pointed out that an adoption terminates any right of visitation between the child subject to the adoption and the non-custodial natural parent. Adoption of Latiolais, 376 So.2d 555, 560 (La.App. 3d Cir.), affirmed 384 So.2d 377 (La.1980). In reviewing a stepparent’s petition for adoption and the effect on the natural parent-child relationship, this court held: “[Granting the petition for adoption] would be tantamount to a pronouncement of death between them.” Latiolais, supra. This death in the natural parent-child relationship would extend to the entire family of the natural parent. Latiolais, supra. In an adoption, a child’s family name changes and he becomes a new legal person with no legal ties to his natural family. In the Louisiana Supreme Court’s opinion affirming our decision in Latiolais, the court referred to the issue of the rupture of the natural parent-child relationship as a crucial factor in determining the best interest of the child. Adoption of Latiolais, 384 So.2d 377, 378 (La.1980).
In another Louisiana Supreme Court case, the court again addressed the importance of the biological relationship. Although this case involved a private adoption, its discussion of general policy considerations is relevant and helpful in determining the appropriate weight to give to the natural parent-child relationship.
Under broadly shared social values the general rule is that the responsibility and opportunity of custody is assigned to a child’s natural parents. The high value placed on family autonomy reflects a consensus that the natural parent-child relationship should be disturbed only if necessary to protect the child from physical or psychological harm. Moreover, preservation of the child’s sense of lineage and access to his extended biological family can be important psychologically, as evidenced by the felt need of some adoptive children to search out their natural parents.
In re J.M.P., 528 So.2d at 1015.
“Louisiana courts have historically been reluctant to sever the parent-child relationship and derogate from- the natural rights inherent |7therein since the jurisprudence recognizes the fundamental belief that a child has a right to know and love his parents and such rights should not be denied except when the parent has proven himself unworthy of this love.” Billeaud, 600 So.2d at 866 (citations omitted); see also, Hinton, 390 *711 So.2d 972 (holding petitioner must show that the denial of a petition for adoption, which would rupture the natural parent-child relationship, would operate to the detriment of the child). In cases similar to the one before this court, i.e. 1) where a stepparent is married to the natural parent having custody, 2) a stepparent’s relationship with stepchild is excellent, and 3) a stepparent seeks to adopt that child, Louisiana courts have adhered to the presumption that maintaining the natural parent-child relationship is in the best interest of the child unless petitioner shows otherwise.
In order to rebut the presumption that it is in the best interest of the child to keep open or continue the natural parent-child relationship, Louisiana courts have required that the petitioner establish one of the following: 1) no natural parent-child relationship exists, 2) the natural parent is indifferent about the child’s well being, or 3) the natural parent’s visits with the child have been sporadic and inconsistent.
(Footnote omitted.)
We are convinced, after reviewing the record, that a strong parental bond exists between the natural mother and her minor children. The children testified they loved their mother, and acknowledged she regularly visits with them. The natural mother is not indifferent to the children’s well-being. She testified she loves her daughters very much and has vigorously opposed the adoption.
In a similar case, Leger v. Coceara, 98-202, (La.App. 3 Cir. 4/29/98); 714 So.2d 770, this court noted the provisions of La. Ch.Code art. 1245 are not mandatory. The trial court is not required to grant an adoption solely because the technical conditions of the statute are met. Instead, the court must consider the seriousness and finality of severing the relationship between a parent and child, as well as the importance and benefit to the child of a continued relationship with that parent. Id.
While the testimony also establishes the children have a strong relationship with their stepmother, the effects and benefits of maintaining the ongoing relationship of love and affection between the children and their natural mother is not lessened | sthereby. The father confirmed over the last few years the children have regularly visited their mother. A report from Social Services indicates the same. The stepmother acknowledged in years past that the children were disappointed on the weekends their mother could not. pick them up. The testimony also revealed the children have a younger half-sister who lives with the natural mother.
The evidence is wholly insufficient to show that maintenance of the natural parent-child relationship, in this instance, will harm the children and is not in their best interest. Adoption statutes are strictly construed in favor of the actual parent and against the party seeking to adopt. Adoption of Edwards, 369 So.2d 210 (La. App. 3 Cir.1979). The trial court erred in ordering the termination of the natural mother’s parental rights.
The natural mother’s assignment of error contesting the unconstitutionality of La. CbuCode art. 1245 is rendered moot by our disposition of the previous issues.
DECREE
For the foregoing reasons, the trial court’s judgment granting the petition for intrafamily adoption is reversed. All costs at trial level and on appeal are assessed to plaintiff-appellee, the stepmother.
REVERSED.
DOUCET, C.J., dissents and assigns written reasons.
SULLIVAN, J. dissents for the reasons assigned by DOUCET, C.J.