NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-282

IN RE:

M. J. G.

AND N. B. G.

APPLYING FOR INTRAFAMILY ADOPTION OF:
   A. D. G., III

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. A-20120085, DIV. B
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Harold Lee Domingue  Jr.
711 W. Pinhook Road
Lafayette, LA 70503
(337) 234-6003
COUNSEL FOR APPELLEE:
   A. D. G., III (child)

**Malcolm Xerxes Larvadain**
**626 8th St.**
**Alexandria, LA 71301**
**(318) 445-3533**
**COUNSEL FOR APPELLANT:**
    **A. D. G., Jr. (biological father)**

**Bradley Richard**
**Regional Administrator**
**825 Kaliste Saloom, Brandywine Bldg. #1, Room 218**
**Lafayette, LA 70508**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana, Department of Children & Family Services**

**M. J. G. (stepfather)**
**In Proper Person**
**3002 Melancon Road**
**Broussard, LA 70518**

**N. B. G. (mother)**
**In Proper Person**
**3002 Melancon Road**
**Broussard, LA 70518**

**EZELL, Judge.**

This appeal involves the intrafamily adoption of a young child by his stepfather. The adoption was opposed by the biological father. The trial court granted the intrafamily adoption. The father now appeals arguing that his rights should not be terminated simply because he is incarcerated.

## FACTS

A. D. G. and N. B. G., the biological father and mother respectively, were married to each other and divorced on June 20, 2008. They had one child together, a son, A. D. G., III, who was born on June 6, 2006.

On March 11, 2008, a judgment was signed ordering the father to pay $280.00 a month in child support. A judgment was signed on April 10, 2008, granting joint custody of the minor child to the parents, with the mother designated as the primary domiciliary parent.

On October 18, 2007, the father was charged with simple kidnapping of the mother. He was sentenced to five years, which was suspended, and he was placed on probation. During the probationary period, the father was arrested in Texas on March 29, 2011, for possession of marijuana. He was convicted of the offense and sentenced to serve two years in prison. He was subsequently arrested in Louisiana for violation of his terms of probation. The father's probation was revoked, and the original sentence of five years at hard labor was imposed. The sentence was ordered to run consecutively to the Texas sentence, and the father was credited for time served in Texas.

In February 2007, the mother and child, now ten months old, began living with the stepfather, M. J. G. On February 19, 2011, the mother and stepfather were married. On September 24, 2012, the mother and stepfather filed a petition for

intrafamily adoption of the minor child by the stepfather. Based on La.Ch.Code art. 1245, they claimed that the father's consent was not necessary because he had not visited with the child for more than six months without just cause. They also claimed that the father had not complied with his child support court order for a period of six months and was currently in arrears.

The father objected to the adoption. The mother and stepfather then sought an order terminating the parental rights of the father. A hearing was held on December 5, 2012. The trial court found that adoption by the stepfather was in the best interest of the child and granted the petition to adopt and terminated the parental rights of the father. The father then filed the present appeal.

## LAW AND DISCUSSION

On appeal, the father argues that the trial court erred in allowing the adoption of the minor child because he was incarcerated, which he claims was just cause for not communicating with or supporting the minor child in excess of six months. He contends that adoption was not in the best interest of the minor child.

In reviewing a trial court's decision to grant or deny a petition for adoption, it is settled law that a question of fact is involved. *In re W.E.B.*, 07-1395 (La.App. 3 Cir. 3/5/08), 980 So.2d 123. Therefore, the trial court's finding of fact may not be set aside by an appellate court in the absence of manifest error or unless it is clearly wrong. *Id.*

When a parent loses the right to consent to the adoption of his child as provided by La.Ch.Code art. 1245, the adoption should only be granted when it is in the best interest of the child. *In re K.L.H.*, 99-1995 (La.App. 3 Cir. 9/20/00), 771 So.2d 706. "The party petitioning the court for adoption carries the burden of proving *the adoption is in the best interest of the child.*" *Id.* at 709.

Louisiana courts are reluctant to sever the natural parent-child relationship and derogate from the natural rights intrinsic therein due to an important belief that a child has right to know and love his natural parents. *Id.*; *In re W.E.B.*, 980 So.2d 123. Such a fundamental right "should not be denied except when the parent has proven himself unworthy of this love." *In re K.L.H.*, 771 So.2d at 710.

Although there is no outline of factors to be used in determining the best interest of a child in the area of adoption, Louisiana courts have considered "the ability of the stepparent to serve as parent, the ability of the stepparent to provide for the child's physical needs, the stepparent's ability to fulfill the psychological needs of the child, and lastly, whether the aforementioned considerations outweigh the existent natural parent-child relationship." *Id.* at 709 (quoting *In re Farrar*, 93-1347 (La.App. 3 Cir. 4/6/94), 635 So.2d 674, 676).

> The most important factors are the child's relationship with h[is] stepfather and h[is] natural father. It is not enough to examine the love and home environment provided by the petitioner/stepparent. It is necessary as well to examine the depth of closeness of the child's ties with the non-custodial natural parent, and the effect which the loss of this relationship would have on the child.

*Id*. at 710. (alterations in original).

The father only saw the child about four times as of November 2006. The last time the father saw the child was in 2009. While on probation for kidnapping the mother of his child, the father was arrested in Texas for possession of marijuana. The father knew that his probation would be revoked if he left the state or engaged in criminal activity. These are choices that the father made resulting in his incarceration and inability to see or support his son. Even prior to his incarceration, the father's attempts at visitation and support of his child were weak

at best.  Furthermore, as observed by the trial court, the father made no attempt while in prison to write letters or send videos to the child.  At the time of trial, the father was $10,274.70 in child support arrearages.

The stepfather has been a presence in the boy's life since 2007, when the child was about a year old.  He has been working in the oilfield for Southern Steel and Supply for seven years.  He financially provides for the child and participates in activities with the child.  He and the child's mother have two children together.

We find no manifest error in the trial court's determination that the father's rights should be terminated and that it is in the best interest that A. D. G., III be adopted.  We affirm the judgment of the trial court in granting the petition for intrafamily adoption of A. D. G., III by M. J. G.  Costs of this appeal are assessed to A. D. G.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal.  Rule 2–16.3.